T. R. CARRUTHERS, Appellee, v. JOHN CAMPBELL, Appellant.

HIGHWAYS: Law of Road—Negligence Per Se. Testimony relative
1  to a collision between automobiles at a much obscured highway intersection reviewed, and held to present a jury question on the issue of plaintiff's negligence.

TRIAL: Instructions—Objections and Exceptions—Extension of Time.
2  An order granting an extension of time in which to file motion for new trial does not operate to extend the time for filing exceptions to instructions.

DAMAGES: Measure of Damages—Repairs. The reasonable cost of
3  repairing an injured article is the measure of damages, when the article has not been substantially destroyed, and the injury is susceptible of repair at a reasonable expense.

*Appeal from Van Buren District Court.*—F. M. HUNTER, Judge.

MARCH 6, 1923.

ACTION at law, to recover damages alleged to have been sustained by plaintiff in a collision of automobiles upon the public highway. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*J. C. Calhoun,* for appellant.

*Walker & McBeth,* for appellee.

WEAVER, J.—The accident occurred at the junction of a north and south highway with another public road entering it from the east. The view between the two roads at this corner was hidden, or at least obscured, by a heavy growth of weeds and standing corn. Plaintiff was driving a Ford car west, intending to make the turn to the north, and defendant was at the same instant driving a Studebaker car from the north, intending to make the turn to the east, and neither seems to have discovered the approach of the other until very near the instant of collision. Plaintiff claims to have sounded his horn as he approached the corner, though this is denied by the defendant, who admits that he himself did not sound any signal or alarm. The cars came into collision slightly north of the angle of the turn, with the result that both cars suffered considerable injury; and plaintiff further alleges that his minor daughter, riding with him, received injuries for the treatment of which he incurred expense for the services of a physician.

It is the claim of plaintiff that the collision was caused by the negligence of the defendant in failing to keep his car on the right side of the road. On the other hand, defendant denies all negligence on his part, alleges that the collision was the result, in whole or in part, of plaintiff's own want of due care, and sets up a counterclaim for the damages so resulting to his Studebaker car.

I. Appellant argues that plaintiff is conclusively shown

to have caused or contributed to the collision by his own negligence. The record does not justify such a ruling. It is true that, if defendant's theory of the facts were conceded, plaintiff could not recover, but there is no such concession, and the testimony bearing upon the proposition is in direct conflict. While defendant claims and offers testimony to the effect that he was on the right side of the traveled track, and that there was ample room for plaintiff to have prevented the collision by turning his car slightly to the right, the plaintiff testifies just as positively that defendant's car so obstructed the way that he could not avoid the collision without driving into the graded ditch on the east side, at the risk of overturning his own car. It appears that the beaten path at this point is on or near the east margin of the graded space between the ditches on either side of the road, and that between the beaten path and the west ditch there was a clear space of ten feet or more, over which a car coming from the north could turn out, if met by another vehicle. Under such circumstances, if proved, it cannot be said, as a matter of law, that a driver moving south is free from negligence simply because he keeps to the beaten path on the east side, to the injury of another car rightfully going north. In this case, the jury could properly find that plaintiff was on the right side of the road. This would not, of course, justify him in failing to use reasonable care to avoid a collision with defendant, even though the latter were on the wrong side; but whether he was negligent in this respect was quite clearly a jury question.

1. HIGHWAYS: law of road: negligence *per se.*

Again, it is said that plaintiff was at fault in not having his car under control. The phrase "having his car under control" does not necessarily mean ability to stop instanter, under any and all circumstances. Such a rule would be impossible of observance. A car is "under control," within the meaning of the law, if it is moving at such a rate and the driver has the mechanism and power under such control that it can be brought to a stop with a reasonable degree of celerity. In the case before us, it does not appear to any degree of certainty that either car was not under reasonable control. It is practically agreed that the approach to the junction of the roads was so screened

that neither driver discovered the other until they were within a few feet of the junction, and that the time between such discovery and the meeting of the cars was extremely short, or perhaps not to exceed a single second; and the fact that neither driver acted or could have acted quickly enough to control the momentum of his car or change its course does not necessarily convict either of negligence in this respect. The question of negligence and contributory negligence has more to do with the manner of the approach of the cars to the junction and their proper observance of the well understood laws of the road. Plaintiff was within his rights in keeping to the right-hand side of the way, and, to use his phrase, in hugging the east side in turning to the north. If there was room for him to make the turn, keeping to the east side, and to permit the defendant to pass south, it was his duty to do so; but this, as we have said, was for the jury to pass upon. It is also not to be overlooked that the statute, Section 1571-m18, Code Supplement, 1913, provides that the operator of a motor vehicle, in turning to the right from one highway into another, shall turn the corner as near to the right-hand side as possible, and in turning to the left from one highway into another, shall pass to the right of and beyond the center of the intersection, before turning. Had defendant observed this rule, there would have been no collision.

Further discussion of the fact issues is unnecessary. The case presented is not one which can be disposed of as a matter of law, and the verdict of the jury is final.

II. A considerable part of appellant's brief is devoted to the discussion of alleged errors in the court's charge to the jury. No exception to the charge appears to have been taken in the manner and within the time required by our 2. TRIAL: instructions: objections and exceptions: extension of time. present statute, Chapter 11, Acts of the Thirty-eighth General Assembly. It has been repeatedly held that the extension of time for filing a motion for new trial does not operate to extend the time for exceptions to instructions. We shall, therefore, take no time for a review of the court's charge.

III. Error is assigned upon the admission of evidence of the cost of the repairs to plaintiff's car, on the ground that

the expense of such repairs is not a proper measure of damages. Where the thing injured is not substantially de-

3. DAMAGES: meas-
ure of damages:
repairs.

stroyed or rendered valueless, and the injury is susceptible of repair at reasonable expense, the reasonable cost of such repairs is the proper measure of the recoverable damage. This rule is elementary.

We find no ground for disturbing the judgment appealed from, and it is—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.