ISIDORE OPPENHEIM *vs.* BENJAMIN BARKIN.

Suffolk. November 14, 1927.— January 10, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Contributory, Motor vehicle, Guest.

A guest of the driver of an automobile, who admits that, at the time of an accident in which he received an injury and for some time before, he was asleep on the back seat, knew nothing whatsoever about the journey, and was paying no attention to the road, cannot be found to have been in the exercise of due care and cannot recover in an action of tort against the driver of the automobile even if the driver were guilty of gross negligence.

TORT for personal injuries. Writ in the Municipal Court of the City of Boston dated January 8, 1927.

In direct examination, the plaintiff testified, in part, "that part of the way the plaintiff rode in front seat beside defendant; that at some point after passing through Springfield and before reaching Worcester plaintiff changed seats with his brother so that at the time of the accident plaintiff was riding alone in rear seat; that about four o'clock plaintiff went to sleep; that from then on until the time of the accident plaintiff slept; that plaintiff knew nothing whatsoever about the journey from four o'clock until he was picked up after the accident; that at the moment of the accident he was

asleep." In cross-examination, he testified in part that he "paid no attention to the road after going into the back seat."

Other material evidence at the trial in the Municipal Court is stated in the opinion. At the close of the evidence, the defendant moved "that upon all the evidence the court find in his favor," and also asked for the following rulings:

"1. The plaintiff cannot recover unless the defendant was grossly negligent in the operation of the car.

"2. As a matter of law the defendant was not grossly negligent in the operation of the car.

"3. If the court finds that the plaintiff and defendant were engaged in a common enterprise, the plaintiff cannot recover.

"4. If the plaintiff negligently abandoned the exercise of his own faculties and trusted entirely to the skill of the defendant, he cannot recover.

"5. The plaintiff while riding with the defendant was bound to exercise ordinary care for his own safety.

"6. If the plaintiff himself was not in the exercise of due care, he cannot recover."

The judge denied the motion, gave all the rulings requested, except the second, which he refused, made the finding of fact stated in the opinion, and found for the plaintiff in the sum of $600. Upon report of the case to the Appellate Division, the report was ordered dismissed. The defendant appealed.

*A. S. Allen,* (*J. T. Connolly* with him,) for the defendant.
*J. H. Blanchard,* for the plaintiff.

CARROLL, J. The plaintiff, while riding with the defendant in an automobile as his guest, was injured shortly after four o'clock on the morning of June 1, 1926, about two miles east of Worcester on the highway leading to Boston. The judge found that the defendant, who was operating the automobile, turned from the right side of the road to the left and ran into a post; "that there was no reason for his doing so unless he was asleep."

The defendant testified that car tracks were on the right hand side of the way; that the space to his left of the car tracks was "wide enough to permit three cars to pass"; that just before the accident an automobile approached from

the direction of Boston, "travelling on the defendant's 'right hand side'" and "going zigzag"; that he turned to the left to avoid a collision and hit the telegraph pole. This evidence was contradicted.

A witness for the plaintiff, who at the time of the accident was seated beside the defendant, testified that he saw no automobile approaching from the opposite direction; that "all of a sudden I saw our car start to go like that [indicating] and I didn't know how to make out." The plaintiff admitted that when the accident happened he was asleep on the rear seat and "knew nothing whatsoever about the journey from four o'clock until he was picked up after the accident."

Assuming that there was evidence to support a finding of gross negligence by the defendant in driving his automobile across the highway from the right to the left side, *Manning v. Simpson*, 261 Mass. 494, there was no evidence that the plaintiff himself was exercising any care. He was asleep, and entrusted himself entirely to the care of the defendant, without using any precaution for his own safety. They left New York on May 31, about five o'clock in the afternoon, reaching Springfield about thirty minutes after one o'clock on the morning of June 1, and leaving Worcester about four o'clock. During the entire trip the defendant drove the car. A guest on the rear seat of an automobile cannot be expected to control its operation or interfere with its movement, but he must exercise some care. If the plaintiff saw that the defendant was asleep, or, if he were awake and the plaintiff saw him turning away from the line of travel across the highway to the left, it could have been found to be the plaintiff's duty to arouse the defendant or warn him of the approaching danger; or for the plaintiff to take some precaution for his own safety. This the plaintiff failed to do; he entrusted himself entirely to the care of the defendant, placing absolute reliance on the defendant's caution. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262. *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392.

In *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, 500, the judge instructed the jury, in effect, that

a guest in an automobile cannot completely surrender himself to the care of the driver and then successfully contend he was in the exercise of proper care; that it was the plaintiff's duty to exercise such caution as a reasonably prudent person would use. It was there held that this instruction was accurate; that the female plaintiff could not recover "if she negligently abandoned the exercise of her own faculties and trusted entirely to the care and caution of her husband, and his negligence caused or contributed to the accident." *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309. *Miller* v. *Boston & Northern Street Railway*, 197 Mass. 535.

The order dismissing the report is reversed. Judgment is to be entered for the defendant.

*So ordered.*