SCHMIDT, by guardian *ad litem,* Respondent, vs. LEUTHENER and another, Appellants.

WASCHAK, Respondent, vs. LEUTHENER and another, Appellants.

*September 13—October 8, 1929.*

For the appellants there was a brief by *Schoetz, Williams & Gandrey* of Milwaukee, and oral argument by *Alfred L. Gandrey.*

For the respondents there was a brief by *Rubin & Zabel,* attorneys, and *W. B. Rubin,* of counsel, all of Milwaukee, and oral argument by *W. B. Rubin.*

FOWLER, J.  It is claimed that the court erred in instructing the jury as to the defendant's negligence. The instruction given was confessedly proper to define the duty a driver owes to travelers other than guests, but it is claimed that as under the rule of *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408, the duty to guests is that of a "licensor and licensee," and the degree of care required "is the slightest required in any human relation," imposing the duty to use the same degree of care towards the guests as towards other travelers was erroneous. The precise duty owed is "not to increase the danger which may be anticipated [by the guest] in entering the car." The case of *Grandhagen v. Grandhagen, ante,* p. 315, 225 N. W. 935, was reversed for like error, together with a much graver one under the circum-

stances involved, to the effect that it was the duty of the driver of a car "to keep it at all times under control." But for reason relative to causation hereinafter stated the error was not prejudicial.

It is also claimed that the plaintiff Waschak, who was asleep or had his eyes shut trying to sleep, and who thereby prevented himself from giving any attention to his own safety, was guilty of contributory negligence as a matter of law. This contention is supported by a Massachusetts case which holds that a guest cannot completely surrender himself to the care of the driver; that he cannot abandon the exercise of his own faculties and trust entirely to the driver's care; that he must at least exercise some degree of care; and that his going to sleep disables him from so doing and necessarily constitutes negligence. *Oppenheim v. Barkin,* 262 Mass. 281, 159 N. E. 628.

We do not find it necessary to decide this point, for it is clear to us that under the circumstances the fact that Waschak was asleep had no causal connection with the collision. Had he been awake and seen the truck he would not have anticipated that the driver would not seasonably turn until too late to prevent the collision by action on his part. We are therefore of opinion that the judgment in favor of Waschak should be affirmed.

It is also contended that Schmidt was guilty of contributory negligence as matter of law, but there is less show of reason for disturbing Schmidt's judgment than Waschak's. The want of causal connection between his reading of the newspaper and the collision is even more manifest than that between Waschak's act and the collision, for he was in the back seat. And as reading the paper did not prevent him from exercising some degree of care for his safety, the question of his negligence was for the jury. The judgment in his case should be affirmed.

*By the Court.*—The judgments in both cases are affirmed.