Argued October 6; affirmed November 3; rehearing denied
December 1, 1931

# NOLEN *v.* CORVALLIS AUTO TRANSIT CO.

(4 P. (2d) 624)

*Elmer Johnson,* of Portland, for appellant.

*C. M. Huddleston,* of Corvallis (Middlekauff & Huddleston, of Corvallis, on the brief), for respondent.

KELLY, J. Denials of a motion for nonsuit and directed verdict and the submission of the question of whether defendant's bus was out of control of its driver constitute the alleged errors upon which this appeal is based.

■ No good purpose can be served by a statement of the testimony in detail. Suffice it to say that it is conflicting. On behalf of plaintiff, plaintiff and two other witnesses testify in support of plaintiff's claim that defendant's bus was being driven at a high rate of speed. Defendant's witnesses, who testified on that phase of the case, say that plaintiff's Whippet automobile and defendant's bus were traveling slowly and, approximately, at the same rate of speed. The learned and experienced trial judge was eminently correct in holding that the case should be submitted to the jury. No error was committed in denying defendant's motion for nonsuit and for a directed verdict.

The question of plaintiff's alleged contributory negligence was fairly submitted to the jury. From the evidence in the case, it could not properly be said that plaintiff was contributorily negligent as a matter of law.

■ As to the submission of the question of the alleged lack of control of defendant's bus, to which defendant excepted, the record discloses not only the testimony above mentioned, to the effect, that defendant's bus was being operated at a very high rate of speed, but also, notwithstanding that, in an effort to avoid the impact, the driver of the bus put the brake pedal clear down as far as he could, he was unable to stop the bus in time to avoid the collision.

"A car is 'under control' within the meaning of the law if it is moving at such a rate, and the driver has the mechanism and power under such control that it

can be brought to a stop with a reasonable degree of celerity.'' Vol. 1, Berry, Automobiles (6th Ed.), § 169; 1 Blashfield's Cyc. of Automobile Law, p. 323; *Carruthers v. Campbell,* 195 Iowa 390 (192 N. W. 138, 28 A. L. R. 949).

It will be noted that there is testimony tending to show both excessive speed and failure to control the mechanism and power of the bus. No error was committed in submitting to the jury the question of alleged lack of control.

It is suggested that the verdict was excessive. The plaintiff is a minister of the gospel. She sustained an injury to the lower part of the forehead over the left eye of such a nature as to prevent drainage of the frontal sinus in case of future infection. This injury has left a permanent scar. Her right hand was lacerated and its little finger badly bruised. Her hip, side and back were bruised in numerous places. The testimony is conflicting as to whether her left kidney became misplaced or not. We cannot say as a matter of law that the verdict was excessive.

Finding no error, the judgment of the circuit court is affirmed.

BEAN, C. J., ROSSMAN and RAND, JJ., concur.