WILMA FRY, Appellee, v. RALPH SMITH et al., Appellants.

No. 42353.

MARCH 6, 1934.

Marshall F. Camp, and Putnam, Putnam, Langdon & Fillmore, for appellants.

E. F. McEniry, for appellee.

DONEGAN, J.—On July 4, 1932, Wilma Fry was riding westward in the front seat of an automobile driven by her husband on paved highway No. 34 in Adams county, Iowa, and when at a point about ten miles west of the city of Corning, said automobile came into collision with an automobile being driven eastward on said highway, which was owned by Ralph Smith and was being driven by Cap Bolling. As a result of such collision, Wilma Fry received personal injuries for which she sued. At the close of plaintiff's evidence and again at the close of all the evidence, the defendants moved for a directed verdict in their favor. Both motions were overruled, and the case was submitted to a jury, which returned a verdict in favor of the plaintiff. A motion for new trial and exceptions to instructions were filed in due time and were overruled by the trial court and judgment entered on the verdict. From this judgment, and from the order overruling their motion for a new trial and all adverse rulings, the defendants appeal.

 I. Appellants urge error on the part of the trial court in refusing to sustain the motion for a directed verdict on the ground that the evidence affirmatively showed that the plaintiff was guilty of contributory negligence. Appellants' claim is based upon the fact that at the time of the collision the plaintiff was sitting in the

front seat of the automobile driven by her husband and voluntarily went to sleep and exercised no care whatever for her safety. In support of this contention, appellants cite several Iowa cases. Many of these cases are cited and discussed in Hutchinson v. Sioux City Service Company, 210 Iowa 9, 230 N. W. 387, also cited by appellants, wherein we said:

"It is thus apparent that our holdings are that a guest in the front seat of a motor vehicle, with opportunity to see what is to be seen, equal to that of the driver, and where there are no diverting circumstances, cannot completely surrender himself to the care of the driver, and then successfully contend that he (the guest) was in the exercise of ordinary care. The record in this case reveals no care or caution whatever exercised by the plaintiff for her own safety and protection. She did not see and did not look."

Appellants also cite and place much reliance upon the case of Oppenheim v. Barkin, 262 Mass. 281, 159 N. E. 628, 61 A. L. R. 1228. In that case the plaintiff was a guest riding in the rear seat of an automobile driven by defendant and was asleep at the time of the accident. The court said:

"Assuming that there was evidence to support a finding of gross negligence by the defendant in driving his automobile across the highway from the right to the left side (Manning v. Simpson, 261 Mass. 494, 159 N. E. 440), there was no evidence that the plaintiff himself was exercising any care. He was asleep, and entrusted himself entirely to the care of the defendant, without using any precaution for his own safety. * * * A guest on the rear seat of an automobile cannot be expected to control its operation or interfere with its movement, but he must exercise some care."

The above case is the only one cited by either party in which the fact that a guest or passenger in an automobile was sleeping at the time of the accident is held, as a matter of law, to be contributory negligence. We have made a very thorough search and have been able to find only four other cases in which this question of the negligence of a person who was asleep in an automobile at the time of an accident has been considered. In Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, a wife sued her husband for injuries sustained on account of his alleged negligence in driving an automobile in which she was a passenger. The wife, while riding in an

automobile driven by her husband, had fallen asleep about the time the accident occurred, and the court on appeal held that the question of her contributory negligence was rightly submitted to a jury. In McDermott v. Sibert, 218 Ala. 670, 119 So. 681, a passenger in an automobile sued the driver for negligence. In that case the passenger was asleep at the time of the injury. It was held that a plea that he had fallen asleep would not relieve the passenger from the duty to exercise due care, if a prudent person would not have fallen asleep, and that the question of his contributory negligence was for the jury. In Parker v. Helfert, 140 Misc. 905, 252 N. Y. S. 35, a passenger knew that the driver of an automobile intended to coast down a hill. The passenger took no precautions, but went to sleep, and it was held that this constituted contributory negligence. In Schmidt v. Leuthener, 199 Wis. 567, 227 N. W. 17, a passenger in the front seat of an automobile with the driver was asleep or had his eyes shut trying to sleep at the time the accident occurred, and it was claimed by the defendant that this constituted contributory negligence as a matter of law. The court referred to the case of Oppenheim v. Barkin, supra, and said:

"This contention is supported by a Massachusetts case, which holds that a guest cannot completely surrender himself to the care of the driver; that he cannot abandon the exercise of his own faculties and trust entirely to the driver's care; that he must at least exercise some degree of care; and that his going to sleep disables him from so doing and necessarily constitutes negligence. Oppenheim v. Barkin, 262 Mass. 281, 159 N. E. 628. We do not find it necessary to decide this point, for it is clear to us that under the circumstances the fact that Waschak was asleep had no causal connection with the collision. Had he been awake and seen the truck he would not have anticipated that the driver would not seasonably turn until too late to prevent the collision by action on his part. We are therefore of opinion that the judgment in favor of Waschak should be affirmed."

It is apparent from the above cases that the courts are not agreed in holding that the mere fact that a passenger in an automobile was asleep at the time of an accident is in and of itself contributory negligence, as a matter of law. That it might, as a matter of law, be contributory negligence for a passenger to go to sleep under certain circumstances may be admitted; but we are not pre-

pared to accept the doctrine that the mere fact that a passenger in an automobile voluntarily goes to sleep must in all cases and under all circumstances be held to constitute contributory negligence. In any event, we think that, in order to defeat the recovery of a plaintiff who has been asleep at the time of an accident, on the ground that this constituted contributory negligence, there must be a causal connection between the fact that the plaintiff was asleep and the accident. In the case at bar we do not think there is any evidence of such a necessary causal connection between the fact that plaintiff was asleep and the accident to justify a court in holding her guilty of negligence as a matter of law.

II. Complaint is made that the court in its instruction No. 11½ told the jury that:

"It is the law of this state that vehicles meeting each other on the public road shall give one-half of the same, turning to the right, and a failure in this regard shall make the delinquent liable for all damages resulting therefrom."

It is contended that this is an incorrect statement of the law, in that it makes the failure to give one-half of the road by turning to the right negligence as a matter of law, and because it further makes the party thus found to be negligent liable for all damages resulting therefrom, regardless of whether such negligence was the proximate cause of plaintiff's injury or not. We think the portion of the instruction referred to, if standing alone, would be susceptible of the interpretation put upon it by the appellant. However, the instruction in which this statement is found contains further statements, and we think that the instruction, when read as a whole and in connection with the other instructions given, would be understood by the jury as a correct statement of the law. As the case must be reversed on other grounds, the statement of which complaint is made can be corrected upon a retrial.

III. In instruction No. 13, the court, in attempting to instruct the jury as to defendant's duty to have his automobile under control, said:

"He is bound, however, to keep a constant lookout and use all his senses to avoid the danger of a collision with a pedestrian or vehicle on the highway that might reasonably be anticipated by an ordinarily cautious and prudent person."

Appellants contend that the instruction thus given imposed upon the driver of the defendant's car a greater duty than is imposed by law, because the law only requires that a driver shall use ordinary care in keeping a lookout and avoiding danger of a collision, while the instruction given imposes an absolute duty upon the driver to keep a *constant* lookout and to *use all his senses* to avoid the danger of a collision. Appellants contend that the objection thus raised is not tenable because, in the same instruction, the court further said:

"He (the driver) was bound to use that degree of care, caution and prudence that an ordinarily careful, cautious and prudent man would have used at the time under the same or similar circumstances in the control and operation of said car. If he did not so act and have his car under such control he was guilty of negligence. If he did use such care and caution and have his car under such control he was not guilty of negligence on the ground claimed of failure to have his car under control."

Can it be said, however, that, after having imposed upon the driver the absolute duty to keep a constant lookout and to use all his senses, the jury did not understand that, in using the reasonable care referred to later in the instruction, the driver was not bound by this absolute duty? In Knutson v. Lurie, 217 Iowa 192, 251 N. W. 147, the court instructed the jury that, if the driver discovers, or in the exercise of reasonable care could have discovered, any vehicle on the highway, or approaching the highway, so that there was danger of a collision, "it is his duty to reduce the speed of his car so in case such vehicle enters into his path, and there is danger of collision, he can bring his vehicle to a stop and avoid injury". In passing upon this instruction we said:

"Returning now to the instruction in the case at bar, it is apparent that the district court therein imposed upon the appellant Mrs. Lurie more than a duty to use reasonable or ordinary care. The instruction of the district court in the case at bar required Mrs. Lurie, first, to reduce the speed of her car whether by reasonable or ordinary care she could do so or not; and, second, the instruction required Mrs. Lurie to stop her car and avoid the injury even though she could not do so by the exercise of reasonable or ordinary care. It was the duty of Mrs. Lurie at all times to use reasonable or

ordinary care. What is reasonable or ordinary care always must be determined by the facts and circumstances of the case. Obviously the instruction, even when read with the remainder of the court's charge, was prejudicial, and was duly excepted to by the appellants. Because of the error in giving the instruction, the cause must be reversed."

It is our opinion that the instruction complained of was prejudicial, and that the case must, therefore, be reversed.

IV. The appellants requested the following instructions:

"You are instructed that it is the law that persons operating motor vehicles upon the highway shall have the same under control, and you are instructed that defendant, Bolling in this case had a right to assume that the driver of the car in which the plaintiff was riding would obey this law until he, the defendant, knew, or in the exercise of ordinary care should have known, otherwise.

"It is the law that no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, and the defendant, Bolling, had a right to assume that the driver of the car in which the plaintiff was riding would obey this law until the defendant knew, or in the exercise of ordinary care he should have known, otherwise.

"It is the duty of persons driving automobiles on meeting each other on the public highway to yield one-half of the traveled way thereof by turning to the right, and the defendant, Bolling, had a right to assume that the driver of the automobile in which the plaintiff was riding would do this until the defendant, Bolling, knew, or until in the exercise of ordinary care he should have known, otherwise."

The court refused to give these instructions and did not give any instructions covering the matters contained in the instructions requested. Appellants contend that the refusal to give the instructions requested, or to give other instructions covering the same matters, is reversible error. Appellee meets this contention with the argument that these instructions would have been proper if the plaintiff had been the driver of the car, as the matters referred to in these instructions could then be considered in connection with her contributory negligence; but that, since she was not the driver

and there is no evidence that she and her husband were engaged in a joint enterprise, these instructions could have no application to the issues in the case. In their answer, however, the defendants specifically denied all negligence on their part, and alleged that the accident and injuries were caused by the negligence of plaintiff's husband, in failing to yield one-half of the traveled portion of the highway by turning to the right, in failing to keep a proper lookout, in failing to have his car under control, and in failing to drive his car at a speed which would permit him to bring it to a stop within the assured clear distance ahead. Defendants offered evidence tending to show that they were on the south or right side of the road as they traveled east, and that, when they first saw the car in which plaintiff was riding, it was on the south side of the road and only a few feet away from them. Even if the instructions asked by appellants were not applicable to the issue of contributory negligence on the part of the plaintiff, it cannot be said that, under the issues and evidence of this case, the driver of appellants' car was not entitled to have the jury instructed as to the matters requested in connection with the question of negligence on his part with which he was charged.

In Muirhead v. Challis, 213 Iowa 1109, 240 N. W. 912, the defendant requested the court to instruct the jury with reference to the right of the defendant to assume that the driver of the other car would obey the statutory law. The trial court refused to give such instruction, and in this connection we said:

"The appellant made request for an instruction to the effect that persons in motor vehicles meeting each other on the public highway shall give one-half of the traveled way thereof by turning to the right, *and that the defendant had a right to assume that the driver of the automobile in which plaintiff was riding would do so.* (Writer's italics.) Each driver had the right to assume that the other driver would comply with the 'law of the road' until he knew, or until in the exercise of ordinary care he should have known, otherwise; and, under the record, this thought should have been given in the instructions." See, also, Albert v. Maher Bros. Transfer Co., 215 Iowa 197, 243 N. W. 561; Hoegh v. See, 215 Iowa 733, 246 N. W. 787.

We think the appellants were entitled to instructions as to

the matters contained in the requested instructions, and that the refusal of the court to give same was reversible error.

V. In its instruction No. 11 the court told the jury that "the general rule of law is that where a collision occurs between a vehicle at the time on the left or wrong side of the highway and that of another vehicle coming toward him on said highway, the presumption is that the collision was caused by the negligence of the person who was on the wrong side of the highway."

Appellants contend that this instruction is erroneous in telling the jury that, under the conditions alleged, the presumption is that the collision was caused by the negligence of the person on the wrong side of the highway, because the only presumption arising from such a situation is that the person on the wrong side of the road was *prima facie* negligent, and because, even if the driver of a car was on the wrong side of the road and was thus guilty of negligence, it does not necessarily follow that such negligence was the proximate cause of the collision. Appellee argues that, while the statement standing by itself is inaccurate, taken in connection with the rest of the same instruction and in the light of the other instructions, it was not such that the jury would be misled by the inaccuracy of the language used. The statement in the instruction of which complaint is made is clearly erroneous, and we do not think it can be said that it was without prejudice. In our opinion it was reversible error.

VI. Complaint is also made that, in submitting to the jury the question of plaintiff's contributory negligence, and in connection with the question of imputing to plaintiff the negligence of her husband, the jury was told that:

"In order to warrant the jury in finding the plaintiff guilty of contributory negligence by reason of imputed negligence on the part of the driver of the car in which plaintiff was riding at the time she received her injury, it must be shown that the plaintiff and the driver of the automobile were engaged in a common enterprise and that the plaintiff had some control over the driver or the automobile used by them.

"It would not be sufficient to show that they were riding together on a common enterprise, but it must be shown that the plaintiff had some control and management of the car or the driver of the car. And, if such control and management of the car was wholly

vested in the driver of the same, then negligence on his part would not be contributory negligence on the part of the plaintiff. * * * "

Appellants contend that this instruction is wrong, in that it told the jury that it would not be sufficient to make the negligence of plaintiff's husband imputable to her to show merely that they were engaged in a common enterprise, but that it must be shown further that the plaintiff had some actual control over the car and the driver.

In 45 C. J. 1021, it is said:

"While there is some authority to the contrary, it is well settled in most jurisdictions that the negligence of the husband cannot be imputed to the wife to prevent recovery by her for injuries she has received, unless they are engaged in an enterprise giving the wife the power and duty to control the conduct of the husband in respect to the acts or omissions which contributed to cause her injury."

In Fisher v. Ellston, 174 Iowa 364, 156 N. W. 422, we said:

"It is the general rule that, unless the parties are engaged in a joint or common enterprise, neither can be charged with the negligence of the other, and the general rule further is that the negligence of a husband in operating a vehicle will not be imputed to his wife, who· is accompanying him, where no relation of principal and agent exists, and she has no control over the operation of the vehicle. Upon this point see Gaffney v. City of Dixon, 157 Ill. App. 589; Denton v. Missouri, K. & T. R. Co., 90 Kan. 51, 133 P. 558, 47 L. R. A. (N. S.) 820, Ann. Cas. 1915B, 639; Louisville v. Zoeller, 155 Ky. 192, 160 S. W. 500."

In Waring v. Dubuque Electric Company, 192 Iowa 1240, 186 N. W. 42, a wife, while riding with her husband in his automobile, was injured by coming in collision with a street car. The trial court told the jury,—"You are hereby instructed that the plaintiff in this case is not responsible for any negligence, if any, on the part of her husband, who was driving the car." In referring to this instruction we said: "This instruction correctly states the law, and is in line with our holdings"—citing cases.

The instruction given follows the rule as stated in Fisher v. Ellston, supra. Moreover, we do not think the facts shown by the

record in this case are sufficient to make a question of imputed negligence for the jury, and, even if erroneous, the instruction was, therefore, not prejudicial.

Other matters presented and argued are such as probably will not occur on a retrial of this case, and it is therefore unnecessary to extend this opinion to greater length in considering them.

For the reasons given, the judgment of the trial court is hereby reversed.—Reversed.

CLAUSSEN, C. J., and STEVENS, KINDIG, and KINTZINGER, JJ., concur.

ALBERT and EVANS, JJ., dissent.