W. H. FLICKINGER, next friend of Wayne Allen Flickinger, Appellee, v. C. F. PHILLIPS, Appellant.

No. 43358.

838

MAY 12, 1936.

Roseberry & Pitts, and Putnam, Putnam, Fillmore & Putnam, for appellant.

Mark W. Bancroft and C. D. Meloy, for appellee.

ANDERSON, J.—This is an action to recover damages for personal injuries resulting to Wayne Allen Flickinger, a minor, by reason of being hit by an automobile owned and operated by the defendant. The injured boy was ten years of age and the accident occurred on one of the public streets in the city of Cherokee, Iowa. The boy was delivering papers in the late afternoon of the day of the accident and was crossing a street in a diagonal course near the middle of a block in a southwesterly direction. He had reached the center of the street or thereabout when he heard the sound of defendant's horn behind him. He continued his course, however, and accelerated his speed and reached the ditch on the south side of the street when he was run into by the defendant's automobile. The record shows that he was quite severely injured, but at the time of the trial had practically recovered from such injuries. However, the boy's arm was severely cut and bruised and quite a severe infection resulted requiring treatments of a physician for several weeks following a few days in a hospital after the accident.

After the overruling of a motion for a directed verdict, the case was submitted to a jury which returned a verdict for the plaintiff in the sum of $1. Defendant's motion for judgment notwithstanding the verdict was overruled and plaintiff's

motion for a new trial and exceptions to instructions were sustained by the court and a new trial granted. The defendant appeals.

It is insisted by the appellant that his motion for a directed verdict should have been sustained and that therefore the court abused its discretion in sustaining appellee's, plaintiff's, motion for a new trial. With this contention we cannot agree. The motion for a directed verdict was based on (1) the insufficiency of the evidence to warrant a submission of the case to the jury; (2) that there was not sufficient evidence of negligence on the part of the defendant to warrant a submission to the jury; (3) that there was not sufficient evidence to show that the child was free from contributory negligence; and (4) that a preponderance of the evidence shows that he was guilty of negligence contributing to the accident and resulting injury.

As a new trial must be had, we refrain from a detailed discussion of the evidence, but are of the opinion that there was sufficient evidence as to the defendant's negligence to warrant a submission of the case to the jury.

 As to the contributory negligence of the injured child, the undisputed fact that the boy was ten years of age makes a prima facie case of freedom from contributory negligence, subject, however, to the right of rebutting such prima facie case, and it cannot be said, under such circumstances, that a child of tender years can be guilty of contributory negligence as a matter of law. In the case of a child under seven years of age, the prevailing presumption of freedom from contributory negligence is not rebuttable, and between the ages of seven and fourteen the presumption obtains until it is rebutted. It would be a rare case indeed, if any, where the record would be so conclusive as to permit a court to say as a matter of law that the presumption of freedom from contributory negligence was overcome by evidence rebutting such presumption or prima facie rule, and we are of the opinion that where such presumption exists, or prima facie case is made, a jury question is necessarily presented. Brekke v. Rothermal, 196 Iowa 1288, 196 N. W. 84; Gibbs v. Bank, 123 Iowa 736, 99 N. W. 703; Doggett v. Railway, 134 Iowa 690, 112 N. W. 171, 13 L. R. A. (N. S.) 364, 13 Ann. Cas. 588.

We think the appellant states the rule concisely and correctly in his brief wherein he says, "Proof that a child is under

the age of fourteen years creates a prima facie case of freedom from contributory negligence, but such presumption creating such prima facie case is rebuttable, and if there are facts in the record rebutting such inference or presumption then it is for the jury to determine whether or not under all the record evidence proper care was in fact exercised by such child.''

■■■ As we have indicated, the trial court sustained plaintiff's exceptions to the instructions and plaintiff's motion for a new trial. There were many exceptions to the instructions. some of which were without doubt well taken, and the motion for a new trial and exceptions to instructions were sustained generally. Some of the instructions to which exceptions were taken were erroneous and prejudicial and the trial court had a right to grant a new trial even on its own motion if it was satisfied that there had been error in the progress of the trial, or in the instructions submitting the case to the jury. In Rupp v. Kohn, 210 Iowa 969, 973, 232 N. W. 174, 176, we said,

'' 'We have repeatedly held that we will not interfere with the action of the lower court in granting a new trial where there is reasonable ground to believe that an unjust result has been reached which may be obviated on a trial to another ·jury.' * * * 'A trial court is justified, indeed, it is its duty, to set aside a verdict which does not effectuate justice, although there may be a conflict in the testimony; and when this is done, appellate tribunals should be slow to interfere.' ''

In Raskin v. Sioux City, 198 Iowa 865, 866, 200 N. W. 333, 334, we said,

''It is elementary that a court is in duty bound to give to the jury a clear and intelligent exposition of the law, as applicable to the issues; and failure to instruct thereon with reasonable fullness is prejudicial error. This is true, even though no request is made for other and further instructions. * * * The law of this state is well defined that a child of the age of appellant cannot be held guilty of negligence as a matter of law. The burden to prove freedom from contributory negligence was on the plaintiff; but when he proved that he was six years of age, a prima facie case of freedom from contributory negligence was established.''

We have repeatedly held, and it is the settled rule of law

in this state, that the trial court has a wide discretion in the matter of granting new trials in jury cases, and that an order of court granting a new trial will not be interfered with on appeal except where it clearly appears that there has been an abuse of that discretion. The trial court has a wider discretion in granting new trials than has this court. Perry Nat. Bank v. Engnell, 198 Iowa 26, 199 N. W. 283; Morton v. Insurance Co., 218 Iowa 846, 254 N. W. 325.

In Hunt v. Railway Co., 188 Iowa 1068, 1074, 177 N. W. 48, 50, we said,

"If the court, upon reflection, or re-examination of the record so made, became convinced that its error could be best mended by ordering a new trial, it was a reasonable conclusion, and wholly within the scope of its judicial discretion. Indeed, even in the absence of any motion therefor on behalf of either party to the suit, the court, if convinced that it had misdirected the jury, and that prejudice to either party resulted, or might have resulted therefrom, could properly order a new trial upon its own motion; and the case presented by this record is very clearly one which would justify the exercise of that discretion. Allen v. Wheeler, 54 Iowa 628, 7 N. W. 111; Thomas v. Illinois Cent. Ry. Co., 169 Iowa 337, 151 N. W. 387." In the same case we said further, "It is also a very familiar rule, observed by this court, that, except upon clear showing of an abuse of discretion by the trial court in granting a new trial, its order will not be interfered with upon appeal; and, in view of our conclusion, already indicated, that, irrespective of the error invited or suggested by the plaintiff's request for instruction, the record discloses ample justification for granting a new trial on the court's own motion, the order appealed from will be permitted to stand."

In one of the court's instructions in the case at bar defining contributory negligence, and to which exception was taken, the court failed to call the jury's attention to the fact that a child under fourteen years of age is presumed to be free from contributory negligence. The plaintiff was entitled to this reference in the instructions, and the court should have included it even without any request therefor.

There are many other errors in the instructions, but as the exceptions thereto were sustained generally, we refrain from extending the opinion to include a further discussion thereof.

It follows from what we have said that the court did not abuse its discretion in sustaining appellee's exceptions to instructions and in granting a new trial. An affirmance necessarily follows.—Affirmed.

DONEGAN, C. J., and ALBERT, KINTZINGER, MITCHELL, PARSONS, HAMILTON, and STIGER, JJ., concur.