A. M. GRAHAM, Appellant, v. CHARLES ORR et al., Appellees.

No. 45212.

.JUNE 19, 1940.

Thomas &. Walter and Putnam, Putnam, Fillmore & Putnam, for appellant.

Hirsch, Riepe & Wright, for appellees.

RICHARDS, J.—On December 16, 1938, at about 6:30 p. m., plaintiff was driving an automobile and defendant Charles J. Orr, Jr., a truck upon the same public highway. They were approaching each other as well as a bridge that lay between them. The truck reached the bridge before the automobile did, and moving westerly was leaving the bridge at its westerly end

as the automobile moving easterly came onto the same west end of the bridge, and there the left side of each vehicle came into contact with the left side of the other in what is sometimes termed a side-swiping collision. Plaintiff brought this action for damages on account of personal injuries and property damage claimed to have been sustained as the result of the collision, predicating the case upon alleged negligence on the part of defendant Charles J. Orr, Jr., and as to Charles Orr upon his being an owner of the truck. For brevity we will refer to Charles J. Orr, Jr., as the defendant except when otherwise indicated. An answer and counterclaim was filed. Trial was had on October 2, 1939. Defendants moved for a directed verdict against plaintiff at the close of the latter's evidence. The motion was sustained, a verdict was entered accordingly, and from the judgment rendered thereon against plaintiff he has appealed.

Plaintiff-appellant assigns as error the ruling on the motion for directed verdict. The appellees concede that the motion was sustained on but one ground, which, in substance, was that plaintiff was not entitled to recover for the reason he failed to sustain the burden of proving that he was free from contributory negligence, in that the evidence of plaintiff shows that he was guilty of contributory negligence as a matter of law at the time of and immediately preceding the collision which resulted in his alleged injuries. It being conceded that no other question is raised upon this appeal than the sufficiency of that ground of the motion, we proceed to its consideration.

The question of contributory negligence is argued by the parties in the light of several duties plaintiff may have owed for his own safety, and that of others. Counsel for appellees urge that appellant, (a) failed in the duty to have his car under control, and (b) failed in the duty to have his car under control and in the duty to reduce the speed of his car in approaching the bridge, and (c) failed in the duty to keep a lookout and the duty to see the truck and to avoid the collision. It is appellees' position that appellant owed these duties, that the evidence shows as a matter of law that he violated them,

and consequently there was negligence per se on part of appellant that contributed to the accident and injuries. The position of appellant is that the record is such that it was a question of fact for the jury whether or not appellant violated any duty he may have owed, and that it does not appear as a matter of law that he violated any duty he may have owed, and that it does not appear as a matter of law that he violated any duty or contributed to the happening of the accident.

Viewing the record in a light as favorable to appellant as is reasonably possible, it may be said that the following matters were shown: Darkness had come on before the accident happened. The highway was a graveled one, and was free from ice and snow. Just prior to reaching the bridge plaintiff was descending a steep hill on this highway. The road became level again a short distance, possibly 40 or 50 feet, west of the bridge. The speed of the car was 30 miles per hour. The headlights on plaintiff's car were burning. In their light he could discern objects approximately 100 feet ahead. Plaintiff stated his lights shown on the bridge as he approached it. Plaintiff at all times was driving on the south side of the road. He did not see any object on the highway just prior to the accident. Within just an instant of the impact he saw the truck about 10 feet ahead of him. It was in plaintiff's path. There were no lights burning on the truck. At the moment of the impact plaintiff was driving on the right side of the road as he had been doing while approaching the bridge. The bridge was 37 feet long and 15½ feet wide. The width of plaintiff's car was approximately 6 feet. The width of the traveled portion of the highway was approximately 20 feet. The bridge was somewhat out of line with the highway. Plaintiff testified: "To turn and get onto the bridge you would have to turn slightly, possibly, just a little, and that would turn your lights slightly to the northeast." He also testified: "The truck was on the south side of the bridge. It was right in front of my car and I was driving on the south side. I would say the truck was to the south of the center of the bridge. In that fraction of a second when I saw the truck 10 feet ahead I could see it was farther south on

the bridge than it was north on the bridge." The photographs in evidence indicate that a steel truss on each side was part of the bridge structure. Each truss appears to have been 6 or more feet in height, and is covered at the ends and top with flat steel plates a foot or more in width. Additionally there was steelwork extending at intervals obliquely from the floor to the flat steel plates at the tops of the trusses. There was also steelwork attached to each truss running parallel with the bridge, serving the purpose of preventing contact of vehicles with the trusses. Some other matters that are shown will be later noted in progress of the discussion.

Appellees cite the rule found in section 5023.01, Code 1939, requiring that motor vehicles be driven "at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing." One of the "other conditions then existing" in the instant case, say appellees, was a narrow bridge concerning which appellant stated that for all practical purposes, going at any speed at all it was a one way bridge. He further stated that if one is careful it would possibly be safe to pass a truck while it was on the bridge, but it wouldn't be safe at 30 miles per hour. Appellees also cite the rule stated in section 5023.04, Code 1939, that the person operating a motor vehicle "shall have the same under control and shall reduce the speed to a reasonable and proper rate: * * *. 3. When approaching and traversing a crossing or intersection of public highways, or a bridge, or a sharp turn, or a curve, or a steep descent, in a public highway." Appellees urge that appellant violated both of these statutory rules in driving upon the bridge at 30 miles per hour, and consequently was negligent for failure to conform to the duties specified in (a) and (b) of our above statement of appellees' contention. But it cannot be agreed that a showing of the speed mentioned, without more, would in every case be sufficient to establish, as a matter of law, negligence on the part of one driving upon this bridge. It would not have been sufficient in this case, having out of mind all

else. Of course additional facts or surrounding circumstances might make it sufficient. As though in accord with these views, the appellees, in discussing the alleged 30 miles per hour speed of appellant when he came upon the bridge, include for consideration another element, i. e., the fact that the light of appellant's headlights made objects discernible approximately 100 feet ahead. In dealing with this fact appellees say that "although he [appellant] could see 100 feet ahead of him, he did not see the truck he struck until he was within ten feet of it." On that appellees rest (c) of their contention as above shown, and say appellant failed to keep a lookout and failed to see the truck and avoid the collision. Whether, in viewing the above (a) and (b) in the light of (c), the right conclusion is that, as a matter of law, negligence on part of appellant was shown by the record, appears to be in its fullness the problem presented by appellees' contentions.

The record is that appellant was looking ahead and was watching the road at all times. But there remains appellees' contention that nevertheless the truck was plainly visible to appellant as he was approaching and driving onto the bridge. As to that it appears to us that minds of reasonable persons, speaking in a general sense, would not be impelled to come to the same conclusion. If the truck was visible it was while plaintiff traveled approximately 100 feet. Of that 100 feet the first 50 or 60 feet was the hill, where of necessity the distance to which the light rays preceded the car would be definitely lessened. As to the remaining 40 or 50 feet that was traveled, the record and photographs would have warranted a jury in finding that there was such a deflection of the traveled part of the road, on account of the bridge being out of line, that the rays of light from plaintiff's headlights would fail to reveal an object such as an unlighted truck approaching on the road east of the bridge. Additionally a jury could have found that the south truss of the bridge, set at an angle to the road, in some measure obstructed the beams or portions of light that were not diverted toward the northeast. If, as we

think is the case, a jury could have found from the record that the unlighted truck was not within the direct beams of light thrown by the headlights as appellant approached the bridge, they would have been warranted in concluding that the evidence did not establish that appellant must have seen the truck before he did. And from the circumstances shown the jury could have found that the truck was traveling at much greater speed than was appellant's car, and consequently, on the question of its having been visible, it was at all times at a considerably greater distance east of the west end of the bridge than was appellant's car west thereof, while appellant was approaching.

We deem it a jury question whether appellant must or should have seen the truck before he did, in time to have avoided the collision. If a jury should find adversely to appellees on that question, as already shown it would not appear as a matter of law that appellant violated the statutory rules cited by appellees. In connection with these rules, our discussion has assumed that the speed was 30 miles, following argument of counsel. It should be stated however, for the purpose of the record, that there is evidence from which a jury could have found that appellant's speed was but 25 miles per hour, and our discussion could as well have assumed that speed. Each case involving contributory negligence depends largely on its own factual situation. We think our conclusion finds support in, and we refrain from detailed discussion of, the following authorities: Jordan v. Schantz, 220 Iowa 1251, 264 N. W. 259; Gregory v. Suhr, 221 Iowa 1283, 268 N. W. 14. We hold the district court erred in sustaining the motion for directed verdict. The judgment is reversed.—Reversed.

HAMILTON, C. J., and SAGER, OLIVER, MITCHELL, STIGER, and MILLER, JJ., concur.