### J. H. ACHY *et al. v.* D. L. HOLLAND AND WIFE.

PLEA IN ABATEMENT. *Jurisdiction.* Where suit is brought against a res-
ident of the county and counterpart issued to another county for other
defendants, it is a good plea in abatement by the defendants by coun-
terpart that the other defendant has no interest in the cause of action,
and was fraudulently made a defendant in order to draw the cause
of action within the jnrisdiction of the court of the plaintiff's county.
Process must be served upon a real and material defendant before
counterpart can be issued to other counties. *·Rich* v. *Rayle,* 2 Hum.,
403, overruled.

FROM DAVIDSON.

Appeal in error from the Circuit Court of David-
son county.   N. BAXTER Sr.,, J.

J. S. FRAYSER for Achy.

J. L. WATTS for Holland.

DEADERICK, C. J., delivered the opinion of the court.

In January, 1877, Holland and wife brought suit
in Davidson county, against Achy, Gaines & Wilcox
of Montgomery county and McNeill of Davidson.   The
suit was brought before a justice of the peace, who
issued a warrant to Davidson for McNeill, and a coun-
terpart to Montgomery county for the other parties.
All were summoned, and the Montgomery county de-
fendants pleaded in abatement, that McNeill, a brother
of Mrs. Holland, was made a party defendant, solely

to give jurisdiction to the justice of Davidson, and that plaintiffs had no cause of action against him— all the other defendants being residents of Montgomery county. The justice sustained the plea on demurrer and abated the suit, and plaintiffs appealed to the circuit court. There the court sustained the demurrer to the plea, and heard evidence, without a jury, and rendered judgment for plaintiffs against the Montgomery county defendants, and in favor of McNeill; and the defendants, against whom judgment was rendered, have appealed to this court.

In the case of *Rich* v. *Rayle,* 2 Hum., 403, a similar plea in abatement was held insufficient and a demurrer thereto sustained, as not falling within the proviso of the act of 1820.

In the subsequent case of *Yancy* v. *Marriott, Frisby & Co.,* this court held that where the original summons is served on some resident of the county where the suit is brought, if he is discharged before trial, leaving only a non-resident of the county, brought in by counterpart, the court loses its jurisdiction; otherwise there would be no difficulty in drawing a man out of the jurisdiction where he has a right to be tried. The purpose of the act, the court adds, was to save multiplicity of suits by bringing all the parties into the county where one of the *material* defendants resides.

It was never contemplated by the framers of the act of 1820 (Code, sec. 2821) to allow the process of the court to be abused by fraudulently procuring a friend's assistance to bring the real parties out of the jurisdiction of the courts where they have a right to

be tried, and to subject them to increased trouble and expense in defending suits, where jurisdiction is made to depend upon the plaintiff's success in passing his friend, against whom he has no cause of action, as a material defendant to his suit.

The reasoning in the case in 1 Sneed is sound, and applies more forcibly to a case like this, in which there was no pretence of any claim against McNeill, and who was retained as a party solely to preserve the jurisdiction until final judgment, than to the case in which it was used.

We are of opinion, therefore, that the original process must be served upon a real and material defendant, before the counterpart can be issued to other counties.

Fortunately, in practice, we have had but few cases in which this abuse of process has been attempted. But if the doctrine which seems to have been sanctioned in *Rich* v. *Rayle*, had been applied more frequently, very great hardships might have resulted.

We do not mean to say that a party sued by original process, must necessarily be shown to be liable, but that he must be sued in good faith, and a plea to the effect that such a party is sued solely to defeat one jurisdiction of its right and confer it on another, is sufficient to abate the action—if clearly sustained by proof. It follows that the case of *Rich* v. *Rayle* is overruled.

This cause, after the demurrer to the plea in abatement was sustained, was tried and evidence heard, showing conclusively that plaintiffs below had no cause

of action against McNeill, and that he was only used as a defendant to give jurisdiction to the court in Davidson county.

The court erred in sustaining the demurrer to the plea in abatement, and the judgment is reversed, and judgment will be entered here overruling the demurrer and abating the suit.