GEORGE W. SEIVER, APPELLEE, v. UNION PACIFIC RAILROAD
    COMPANY, APPELLEE, IMPLEADED WITH GEORGE MIL-
    TONBURGER ET AL., APPELLANTS.

FILED MARCH 4, 1903. No. 12,726.

1. Injunction: GARNISHMENT: WAGES: EXEMPTION: MULTIPLICITY OF
    SUITS. A suit in equity may be maintained to enjoin a judgment
    creditor from prosecuting a multiplicity of proceedings in garnish-
    ment to subject the wages of laborers, mechanics and clerks, which
    are absolutely exempt by law from attachment, execution, and
    garnishee process, to the payment of his judgment.

2. Employer: NECESSARY PARTY. The employer from whom such
    wages are due and who has been served with garnishee pro-
    cess is a proper and necessary party to such suit, in order to
    authorize the court to make a decree which will afford plaintiff
    suitable, adequate and complete relief.

3. ————: ————: SUMMONS TO ANOTHER COUNTY: JURISDICTION. Where the employer is thus made a party and the suit has been properly brought against him in any county, and service of summons therein has been made on him, a summons issued to the sheriff of another county, where the judgment creditor resides, which is properly served on him, gives the court jurisdiction of all the parties to the action, and full power to grant the proper relief therein.

4. Defendant: · SUBSTANTIAL INTEREST. In such cases it must appear that the defendant served in the county where the suit is brought has a substantial interest in the legal questions involved, and the relief prayed for in the action, and that he is a real and not a sham defendant. *Miller v. Meeker*, 54 Neb. 452, and *Stewart v. Rosengren*, 66 Neb. 445, distinguished and approved.

APPEAL from the district court for Sarpy county: GUY R. C. READ, DISTRICT JUDGE. Judgment for plaintiff. *Affirmed.*

*W. J. Courtwright* and *S. S. Sidner*, for appellants.

*H. Z. Wedgwood*, for appellee Seiver.

*John N. Baldwin* and *Edson Rich*, for appellee, Union Pacific Railroad Company.

BARNES, C.

This was a suit in equity, in which George W. Seiver was plaintiff and the Union Pacific Railroad Company, George Miltonburger and Walter Miltonburger were defendants. The trial resulted in a decree enjoining the Miltonburgers from suing out or prosecuting any further or other proceedings in garnishment against the said Seiver, and at the same time the Union Pacific Railroad Company was restrained and enjoined from answering any such further or other proceedings, and from paying the wages which it owed to Seiver into court thereon, or to any one except him, on the ground that such wages were absolutely exempt to him from execution or proceedings in garnishment. From that decree the Miltonburgers bring the case here on appeal.

It appears that the appellants obtained a judgment be-
fore a justice of the peace at North Bend, in Dodge county,
Nebraska, against the appellee and another, on a claim for
damages caused by the breaking of a buggy; that appellee
was a married man, the head of a family and resided at
Papillion, Sarpy county, Nebraska, and was employed by
the Union Pacific Railroad Company as its station agent
at that place when the action was commenced; that ap-
pellants resided in Dodge county, and that they sued out
garnishment proceedings against the appellee before the
justice of the peace in that county and served the writ, or
notice, on the Union Pacific Railroad Company, requiring
it to answer in said court and pay over the wages due ap-
pellee, if any, in satisfaction of the judgment; that appellee
employed an attorney, who went to Dodge county and suc-
cessfully defended against the proceedings, and the gar-
nishee was discharged; that within a month thereafter
the Union Pacific Railroad Company was again served
with garnishee process, and appellee was again required
to and did employ an attorney to go to North Bend and
defend against the proceedings, in order to save his exempt
wages for the support of his family; that, on the appear-
ance of appellee's attorney therein, the second proceeding
was dismissed for want of prosecution; that within thirty
days thereafter a third writ in garnishment was sued out
by appellants and served on the Union Pacific Railroad
Company, and said company then notified appellee that
something must be done, or it would be necessary for it
to, and that it would, pay over the wages then due him into
court.    In order to protect his right to the said wages,
which were absolutely exempt to him, and to prevent a fur-
ther multiplicity of suits and save himself from further
trouble, annoyance and expense, appellee commenced this
action in the district court of Sarpy county, where he re-
sided, against the Union Pacific Railroad Company and
the appellants, setting up the foregoing facts in his peti-
tion and praying for the relief which was decreed to him
as aforesaid.    The company was duly served with a sum-

mons in Sarpy county and thereupon a summons was issued to the sheriff of Dodge county and was served on the appellants. The railroad company defaulted, and thus, on its part, confessed all of the allegations of the petition to be true. Appellants appeared specially and objected to the jurisdiction of the court for the reason that the railroad company was only a nominal party, was improperly joined with them as a defendant in the suit, and that therefore the court obtained no jurisdiction over them. The same objection to the jurisdiction of the court was pleaded in their answers, and, while the court did not specifically rule thereon, still the objection was in effect overruled by retaining the action for trial, in trying the same and rendering its decree for the appellee herein. On the trial the appellee introduced his evidence, the Union Pacific Railroad Company by its default confessed the allegations of the petition as to it to be true, and the court so found, while the appellants introduced no evidence to contradict the allegations of the petition or rebut the evidence introduced by the appellee. Therefore the sole question for our consideration is one of jurisdiction.

It must be conceded that the decree, so far as the railroad company is concerned, is a proper one, and if the court had jurisdiction of the persons of the appellants, then the judgment is just and equitable as to them and must be affirmed. The facts pleaded and proved by the appellee surely call for the interposition of a court of equity, and demand the relief prayed for. It can not be successfully asserted that the appellee had an adequate remedy at law in this case. The court found that his wages, sought to be subjected by the proceedings complained of to the payment of the judgment, were absolutely exempt to him by law. The appellants knew this as well as he did, and yet, by a series of garnishment proceedings, amounting to a persecution in this case, they sought to compel him to pay the judgment out of such exempt money, or expend it all in protecting his legal right thereto. Not only this, but they evidently sought to annoy and harass

his employer until he must pay, or perhaps lose his employment.  Again, it may be fairly assumed that by suing out a number of writs of garnishment appellee would at some time be unable to protect his rights, or the company would inadvertently default, and an order would thereupon be obtained which would result in compelling it to pay the money into court, leaving it still liable to pay the wages to appellee, or perhaps altogether deprive him thereof.  Against such iniquitous proceedings there is no adequate remedy at law, and such practices should receive our severest condemnation.  When the property of a debtor is exempt he is entitled to the possession of it, and should be protected in this possession in the most expedient manner.  *Cunningham v. Conway*, 25 Neb. 615, 617; *Johnson v. Hahn*, 4 Neb. 139, 149.  Appellee was entitled to the decree to save him from being harassed by a multiplicity of suits.  *Johnson v. Hahn, supra; Uhl v. May*, 5 Neb. 157, 161; *Normand v. Otoe County*, 8 Neb. 18, 21; *Touzalin v. City of Omaha*, 25 Neb. 817, 824; *Schock v. Falls City*, 31 Neb. 599, 605; *Morris v. Merrell*, 44 Neb. 423, 430.

This brings us to the consideration of the question of jurisdiction.  Section 65 of our Code of Civil Procedure provides that "Where the action is rightly brought in any county, according to the provisions of title four, a summons shall be issued to any other county, against any one or more of the defendants, at plaintiff's request."  Title IV (secs. 51-61b), after designating the actions which must be brought in a certain specified county, provides that every other action must be brought in the county in which the defendant, or some one of the defendants, resides, or may be summoned; and it is further provided in said title that a railroad company may be served with summons in any county into or through which its line of road passes.  It follows that the Union Pacific Railroad Company was properly sued and served with summons in Sarpy county, and if it was properly made a defendant in the action, the issuance of a summons to the sheriff of

Dodge county, and its service therein on appellants, gave the court full and complete jurisdiction over them. If, on the other hand, the railroad was not a necessary, or at least a proper, party, there was what would amount to a collusive joinder, and the court was without jurisdiction of the appellants. It is well established that the defendant, who may be sued in the county where the action is brought, must be a necessary, and not a sham defendant, joined solely for the purpose of bringing in the defendants served in another county. *Dunn v. Haines,* 17 Neb. 560; *Cobbey v. Wright,* 23 Neb. 250, 29 Neb. 277; *Hanna v. Emerson,* 45 Neb. 708, 710; *Miller v. Meeker,* 54 Neb. 452, 454; *Stewart v. Rosengren,* 66 Neb. 445.

The true test, however, for determining whether or not the venue is proper so that summons may issue to another county is whether the defendant served in the county where the suit is brought is a bona-fide defendant to that action— whether his interest in the result of the action is in any manner adverse to that of the plaintiff with respect to the cause of action against the other defendant, and in equity actions may be added the inquiry as to whether or not plaintiff can obtain full, suitable and satisfactory relief without joining such party, and binding him by the terms of the judgment or decree.

Equitable doctrines with respect to parties and judgments are wholly unlike those which prevail at common law—different in their fundamental conceptions, in their practical operation, in their adaptability to circumstances and in their results upon the rights and duties of litigants. The governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in the one suit the rights and duties of all the parties which really grow out of, or are connected with, the subject-matter of that suit. The primary object is that all persons sufficiently interested may be before the court, so that the relief may be properly adjusted among those entitled, the liabilities properly apportioned, and the incidental or consequential claims or interests of all may be fixed and all

may be bound in respect thereto by the single decree. Pomeroy, Equity Jurisprudence, sec. 114.

Speaking of the question of parties in actions to prevent a multiplicity of suits, Pomeroy says: "Under the greatest diversity of circumstances, and the greatest variety of claims arising from unauthorized public acts, private tortious acts, invasion of property rights, violation of contract obligations, and nothwithstanding the positive denials by some American courts, the weight of authority is simply overwhelming that the jurisdiction may and should be exercised, either on behalf of a numerous body of separate claimants against a single party, or on behalf of a single party against such a numerous body, although there is no 'common title,' nor 'community of right' or of 'interest in the subject-matter,' among these individuals, but where there is and because there is merely a community of interest among them in the questions of law and fact involved in the general controversy, or in the kind and form of relief demanded and obtained by or against each individual member of the numerous body." Further speaking of the objection raised to this doctrine, Pomeroy says: "The sole and sufficient answer to the objection is found in the actual facts. The jurisdiction has been exercised in a great variety of cases where the individual claimants were completely separate and distinct, and the only community of interest among them was in the question at issue, and perhaps in the kind of relief, and the single decree has without any difficulty settled the entire controversy and determined the separate rights and obligations of each individual claimant. The same principle therefore embraces both the technical 'bills of peace,' in which there is confessedly a common right or title, or community of interest in the subject-matter, and also those analogous cases over which the jurisdiction has been extended, in which there is no such common right or title or community of interest in the subject-matter, but only a community of interest in the question involved and the kind of relief obtained." Pomeroy, Equity Jurisprudence, sec. 269.

It can not be said that the railroad company and appellants were not mutually interested in the questions involved in this case, and in the effect of the relief granted by the decree. Again, garnishment proceedings had been already commenced for the third time, notice had been served on the railroad company requiring it to answer and pay the money into court; therefore a decree against the appellants alone would not have been binding on the company; it could still answer and pay over the money into court to the irreparable injury of the appellee. In any event, it was holding back the money due to him, and it was necessary to make the company a party and by the decree release the fund and require it to be paid to the owner thereof. It would thus appear that the railroad company was a proper party, and it may be further stated that it was a necessary party in order to enable appellee to obtain suitable and complete relief in the case at bar. A decree restraining the appellants from prosecuting further proceedings to subject appellee's exempt wages to the payment of their claim would not have been effective, for the reason that a transfer of their claim to another would have enabled such other person to still proceed with further illegal attempts to obtain the money. Again, although enjoined from prosecuting further in the courts of this state, they might transfer their claim to Iowa, where the Union Pacific Railroad Company has a part of its line and maintains some of its offices. The exemption laws of this state have no extra-territorial force, and it has been the universal policy of the courts of Iowa to disregard the exemption laws of other states. So that without a decree enjoining the Union Pacific Railroad Company from paying over the money in satisfaction of the appellants' claim, it would be required to answer proceedings instituted in Iowa and pay the money into court there; thus depriving the appellee of the wages which are absolutely exempt to him by the laws of this state. Notwithstanding we have a law prohibiting such transactions, yet it has in many cases failed to prevent parties from unlawfully col-

lecting their claims in that manner. A decree, however, against the railroad company, enjoining it from paying the money into any court, or upon any proceedings, wherever instituted, could be pleaded in bar to such proceedings with binding effect.

So we are constrained to hold that the Union Pacific Railroad Company was not only a proper but a necessary party in the suit; that the action having been properly commenced against it in Sarpy county, and it having been served with summons therein, the issuance of summons to the sheriff of Dodge county and the proper service thereof on the appellants gave the court full and complete jurisdiction to hear and determine the questions involved in the action and render a suitable and proper decree therein.

We further hold that according to the facts disclosed by the record, the decree of the district court was right, and we recommend that it be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.