## MILLS v. CITY OF CHICAGO et al.

(Circuit Court, N. D. Illinois, N. D. February 23, 1906.)

COURTS—JURISDICTION OF FEDERAL COURTS—STOCKHOLDER'S SUIT.

To establish the claim that a suit brought in a federal court by a non-resident stockholder in a local corporation against the corporation and a city to enjoin the enforcement of an ordinance of the city is collusive and a fraud on the jurisdiction of the court, it is not sufficient that the company would be benefited by the success of the complainant, which is the theory upon which all suits are brought, nor that its officers express a desire for his success, nor that his counsel represented the company in a prior suit brought by it in the same behalf; but an agreement between complainant and the company, pursuant to which the suit was brought, must be shown either directly or inferentially.

In Equity. On final hearing.

For former opinion, see 127 Fed. 731.

William D. Guthrie and I. K. Boyesen, for complainant.

James Hamilton Lewis, Corp. Counsel, Henry M. Ashton, and David K. Tone, for defendant city of Chicago.

James F. Meagher, for defendant People's Gas Light & Coke Company.

GROSSCUP, Circuit Judge. The bill is by a citizen of California, a stockholder of the People's Gas Light & Coke Company, suing in behalf of himself and other stockholders of the company similarly situated, against the city of Chicago and the gas company, citizens of Illinois; the object of the bill being to restrain the city from enforcing an ordinance forbidding manufacturers of gas from demanding or collecting from consumers of gas, more than seventy-five cents per thousand cubic feet, and attaching a penalty of from twenty-five to two hundred dollars for each violation thereof. The bill alleges that the ordinance is invalid, in that it impairs the obligation of a contract between the city and the company; and in that the council was without power from the state to pass a rate regulation ordinance. The bill also charges that notwithstanding the demand of complain-

ant that the company institute, at the earliest practical moment, a suit against the city to prevent the enforcement of the ordinance—a former suit by the company, then pending on appeal in the Supreme Court, having been dismissed in the Circuit Court of the United States for want of jurisdiction—the company refused to institute such suit, giving as its reason that the institution of a new suit at that time, would excite public prejudice, which it was deemed of importance to avoid.

On demurrer to the bill, and motion for injunction, the court held that the bill exhibited a case wherein a stockholder might sue, the company declining to sue; and that the ordinance complained of was invalid for want of power in the city council from the state to regulate rates. Accordingly an injunction was issued. Thereupon the plea was interposed that the suit was collusive—that the stockholder had not brought his suit in good faith, to enforce his rights, and those of the other stockholders, but had brought it because of a collusive understanding between him and the gas company, based on the fact that by reason of his citizenship in the state of California, a suit by him would lie in the United States courts, while a suit by the company would have been cognizable only in the state courts.

The considerations chiefly relied upon by the city in support of its contention are, that after the decree against the company by the United States Circuit Court had been affirmed by the Supreme Court, the officers of the company openly expressed their desire to see the complainant in this suit succeed; that counsel for the complainant in this case is the counsel who argued the company's case in the Supreme Court; that Mr. Brady, one of the stockholders and directors of the company, contributed to the complainant five thousand dollars toward the complainant's expenses in this suit; that the complainant on his examination, admitted that the suit was brought to confer jurisdiction on the United States court; and, generally, that the suit is in the interest of the gas company.

To sustain the charge of collusion, the evidence must show, either directly or inferentially, that there has been some agreement or understanding between the company and the complainant that the suit should be brought—that Mills was not acting for himself and the other stockholders alone, but was a channel through whom the company, with his acquiescence, was reaching out for a footing in the United States courts. Was this the state of things between Mills and the company at the time the suit was brought?

The fact that the company is beneficially interested in Mills' success, and was, as things have transpired, beneficially interested from the beginning, is not alone sufficient to show this understanding. A stockholder's suit, the company having refused, is always based upon the assumption that the company is interested, and ought, because of that interest in its own name, to have brought the suit.

The fact that the same counsel was employed by the company in its suit, and by Mills in his, is not alone sufficient to show collusion. Mr. Guthrie was not of counsel for the company when the Mills suit was brought, and it may very well have transpired that the de-

sire of the company to employ him in the argument before the Supreme Court arose after the Mills suit had been brought. Nor is it to be held that because two clients employ the same counsel respecting the same general end, they are in agreement or collusion as to the means of bringing about the end.

The testimony relating to Mills' admissions is inconclusive. It impresses one upon reading it, rather as a misunderstanding of the question put, than as an admission of any agreement between Mills and the company, or any motive on his part, other than the lawful motive of bringing his suit in the court in which, under the Constitution and laws of the United States, he is entitled to have it determined.

The evidence that the company, its officers and stockholders now openly wish Mills to succeed is not alone sufficient. Since the Mills suit was brought, the company's suit had been heard and affirmed by the Supreme Court of the United States. The company is without hope now of any relief through that suit. But that does not prove that at the time the Mills suit was brought, the company did not reasonably believe that the decree of the circuit court of the United States dismissing the bill would be reversed; and that the supplemental litigation demanded by Mills was unwise. The situation is changed; and with change of situation there naturally comes a change of views—a change that in no respect alters the fact of what the views were before the situation changed.

True, a chain of circumstances, each of which alone is insufficient to establish a given contention, may, together, indisputably prove that contention. But circumstantial evidence, to be conclusive from the mere fact of cumulation, must lead the judgment to this conclusion: That, all the circumstances considered, there is no explanation for their existence except upon the existence of the fact sought to be proven. That condition of things does not exist here. All the circumstances considered, I can reasonably believe that Mills brought this suit, not under an agreement with the company, but contrary to what the company then regarded to be its true interest; and that the bringing of the suit in the United States court was not because it was so planned beween Mills and the company, but because Mills, being entitled as a stockholder to bring his suit in some court having jurisdiction of the subject matter, chose that court, that under the Constitution and laws of the United States, was especially opened to the determination of suits between parties, one of whom was a resident of the state where the suit must be brought, and the other a stranger.

Decree may be entered finding the issues in favor of the complainant and for an injunction as prayed.