## CHICKASAW WOOD PRODUCTS CO. v. LANE.—125 S. W. (2d) 164.

Middle Section.   Nov. 1938.

Petition for Certiorari Denied by Supreme Court, March 4, 1939.

Nelson & Rhem, of Memphis, and Turner & Haston, of McMinn-
ville, for plaintiff in error Chickasaw Wood Products Co.

C. C. Jackson, George Buckner, and Howell Washington, all of
Murfreesboro, for defendant in error Lane.

CROWNOVER, J. This is an action for damages for personal injuries sustained by Thomas Lane when the automobile of J. W. Arnold, in which he (Lane) was riding as a guest, collided with a truck belonging to the Chickasaw Wood Products Company, and driven by its agent, on the Tullahoma-Shelbyville highway at night. At the time of the collision Lane was asleep.

Arnold was at the time a resident of Rutherford County. The home office of the Chickasaw Wood Products Company was in Shelby County.

Lane instituted suit in Rutherford County against Arnold and the Chickasaw Wood Products Company; summons was served on Arnold, and upon return being made that the Chickasaw Wood Products Company was not to be found in Rutherford County, counterpart summons was issued to Shelby County for the Chickasaw Wood Products Company and served upon it in that county.

The declaration contained two counts.

It was averred in the first count that defendant Arnold negligently applied his brakes, without any reason, which caused his automobile to skid and caused the collision; and that the defendant Products Company was guilty of negligence in driving the truck against Arnold's automobile without veering to the left so as to pass Arnold's automobile.

In the second count it was averred that Arnold and the Products Company violated Code, sec. 2681, in driving the motor vehicles recklessly and in wilful and wanton disregard of the rights and safety of others, without due caution, which endangered the life of the plaintiff. It was also averred that the statute was further violated, in that, the truck was driven at a fast and reckless rate of speed, without being kept under control, and without proper lookout ahead, and without giving half of the road, etc.

Both defendants pleaded the general issue of not guilty.

When the case was called for trial the defendant Chickasaw Wood Products Company presented its plea in abatement to the court duly verified, and moved the court to be allowed to withdraw its plea of the general issue and to be allowed to file the said plea in abatement to the jurisdiction of the Rutherford County Circuit Court on the ground that since the plea of the general issue was filed the defendant had discovered that J. W. Arnold, a resident of Rutherford County, was made codefendant in this cause merely for the purpose of obtaining counterpart summons for the defendant Chickasaw Wood Products Company in Shelby County and forcing it to trial in Rutherford County, the home of the plaintiff; that Arnold was not a material defendant; and that there was collusion between the plaintiff and said codefendant Arnold to give jurisdiction to the Rutherford County Circuit Court; there-

fore the process was void and the court had no jurisdiction of the defendant.

The court overruled the motion and refused to permit the plea in abatement to be filed, on the ground that it came too late, to which action the defendant Products Company excepted.

The case was tried to a jury. At the close of the evidence for the plaintiff the Chickasaw Wood Products Company moved the court to be allowed to file an additional plea averring contributory negligence on the part of the plaintiff, which was permitted.

At the close of all the evidence the defendant Chickasaw Wood Products Company renewed its motion to be allowed to withdraw its plea of the general issue and to be allowed to file a plea in abatement and that the summons and declaration be quashed. In support of the motion it was contended that the codefendant Arnold's plea was filed on the day of the trial by Barton Dement, Jr., and that the summons and the declaration filed for the plaintiff Lane showed that Dement was one of his (Lane's) attorneys of record.

This motion was again overruled on the ground that it came too late.

At the close of all the evidence the Chickasaw Wood Products Company renewed its motion which was made at the close of the evidence for the plaintiff, for peremptory instructions in its favor on the grounds (1) that no negligence on its part was shown by the evidence; (2) that the plaintiff Lane was guilty of contributory negligence as a matter of law; and (3) that there was a variance between the averments of the declaration and the evidence—which motion was overruled.

J. W. Arnold made a motion for a directed verdict at the close of the plaintiff's evidence, which motion was overruled. He renewed his motion at the conclusion of the evidence on the ground that the evidence showed that he was not guilty of negligence, and that the collision was caused by the negligence of the Chickasaw Wood Products Company, and that the plaintiff was guilty of contributory negligence as a matter of law—which motion was overruled.

The jury returned a verdict for $3000 in favor of the plaintiff and against both defendants, and judgment was entered accordingly.

Arnold did not appeal in error.

The Chickasaw Wood Products Company filed a motion for a new trial, which was overruled, to which action of the court it excepted, and appealed in error to this court, and has assigned errors, which are, in substance, as follows:

(1) There is no evidence to sustain the verdict, and the court erred in refusing to direct a verdict in favor of this defendant.

(2) The plaintiff was guilty of contributory negligence as a matter of law.

(3) The court erred in refusing to permit this defendant to withdraw its plea of not guilty and file a plea in abatement to the jurisdiction of the court.

(4) The court erred in a portion of his charge to the jury which was as follows:

"Now the contention of the plaintiff is . . . .

"That he knew the defendant, J. W. Arnold, believed he was a careful driver of an automobile, had had experience, and he relied upon him as being a careful driver, and that he laid down on the back seat, it being late at night, and went to sleep."

This charge was not borne out by the evidence.

(5) The verdict was so excessive as to indicate passion, prejudice, and caprice on the part of the jury.

The plaintiff Thomas Lane, aged twenty-five years, J. W. Arnold, of the age of thirty-seven years, and Marvin Wooten, all lived in Murfreesboro, and were employed by the Brothers Stores.

On the morning of May 12, 1937, Thomas Lane was transferred to the company's store at Tullahoma. During the day it was decided to send him back to the Murfreesboro store. He telephoned Arnold and asked him to come for him and drive him back to Murfreesboro. Arnold told him that he and Wooten had engagements with two young ladies in Tullahoma that evening and suggested that he drive back with them that night, to which he agreed.

The three men left Tullahoma at about 12 o'clock at night.

Arnold was driving his father's automobile. Wooten was seated on the front seat beside him, and Lane was on the back seat.

Arnold had been driving automobiles for about ten years.

When they had traveled about a mile, Lane went to sleep.

It had been raining for about two hours.

A part of the highway between Tullahoma and Murfreesboro is paved with asphalt which becomes slick and slippery in rainy weather. The State Highway Department has erected signs along the highway warning motorists of this condition in rainy weather.

At a point about 4 or 5 miles from Tullahoma Arnold saw a truck just ahead of him without a rear light and saw another truck approaching him. A truck belonging to the defendant Chickasaw Wood Products Company was traveling on the highway towards Tullahoma. Thinking he would not have room to pass between the two trucks, Arnold applied his brakes. His car skidded on the wet pavement, spun around and was struck in the rear by the truck, knocked off the highway into the ditch, and Lane was injured.

The witnesses to the collision were Wooten, witness for the plain-

tiff, the defendant Arnold and Delcy Pryor, the driver of the defendant Chickasaw Wood Products Company's truck.

Wooten testified that a truck was just ahead of Arnold's car, traveling in the same direction, with no tail light burning; that when he first saw the truck Arnold's car was within 10 or 15 feet of it; that at that time the Chickasaw truck, which was approaching them, was 150 yards away; that Arnold applied his brakes and the car skidded and turned completely around headed back toward Tullahoma, and the Chickasaw truck struck it in the rear and knocked it across the road into the ditch at the left; that after the car turned around it was traveling on its right side of the road with the two right wheels on the shoulder; that there were no other cars passing, the road was straight for some distance here, and there was plenty of room for this truck to have gone around, to the left of the automobile; that there were skid marks 40 feet behind the point of the collision, made by dual wheels, and the Chickasaw truck had dual wheels.

Arnold testified that he was driving at a speed of about 35 miles an hour; that he was unable tô see the moving truck without tail light, in front of him, until he was within 10 or 15 feet of it; that the approaching Chickasaw truck was about 150 yards away; that he applied his brakes and his car skidded and began to spin; that he put it into second gear as it turned completely around headed toward Tullahoma; that the Chickasaw truck failed to stop but came on and struck his car in the rear knocking it across the road into the ditch at the left; that when his car was struck, he was on the right side of the road with two right wheels on the shoulder, and had traveled 100 yards since he straightened up after skidding.

Delcy Pryor, the driver of the Chickasaw truck, testified that he saw the Arnold car coming over the hill 300 or 400 yards away at a rate of 50 or 60 miles an hour; that he had been driving at a speed of 20 to 25 miles an hour; that when he saw the Arnold car approaching he checked his speed and dimmed his lights; that there was no truck or car in front of Arnold; that Arnold's car made a swing over to his left and back and went into a spin; that the car spun around three times and the back of it struck the front of his truck; that he had applied his brakes and practically stopped; that his truck stopped the spin of the automobile.

Dr. Mitchell, to whose office Lane was carried for first aid, testified that Wooten told him that he could not understand why Arnold "jammed his brakes on going on a straight line"; that Arnold's applying his brakes was the cause of the collision.

Edward Reed, who was driving some distance behind Arnold, testified that he reached the scene a few minutes after the collision and Arnold and Wooten told him "they saw this truck coming

meeting them, and saw another truck parked on the side of the road, and Arnold said he didn't think he could pass between them, and applied his brakes and the car commenced spinning, and the rear end of it struck the left front wheel of the truck and threw it off in the ditch.''

Arnold testified that the driver of the Chickasaw truck told him right after the collision that he could not stop his truck in time to avoid striking the automobile.

1. The evidence for the plaintiff is that both Arnold and the driver of the Chickasaw truck were guilty of negligence.

The evidence for defendant Arnold is that the accident was caused by the negligence of the truck driver.

But the evidence for the defendant Chickasaw Wood Products Company is that its driver was not guilty of negligence; that the collision was caused solely by the negligence of Arnold.

The evidence establishes the fact that Arnold was guilty of negligence. He was driving his car on a slippery road at night at such a rate of speed that he could not keep his car under proper control, and was not keeping a lookout ahead or he would have seen the truck without a tail light before he came within 10 or 15 feet of it.

But Arnold insists that, although he had skidded onto his left side of the road, he had put the car in second gear as he spun, had overcome the skid, and was proceeding on his then right side of the road, headed back towards Tullahoma, with his car under his control, and had gone a hundred yards when the truck ran into the rear of his car.

The Chickasaw Wood Products Company contends that Arnold was driving at a fast and reckless rate of speed on a wet and slippery highway; that there was no occasion for his applying his brakes and skidding; that there was no truck in front of him; that its truck driver stopped his truck but Arnold's car skidded into it.

██ The question, whether the Arnold automobile skidded into the truck or the truck ran into the rear of the automobile after Arnold had overcome the skidding, was one for the jury. The jury found that Arnold and the truck driver were guilty of concurring negligence. There is evidence to sustain the verdict, hence the court was not in error in refusing to direct a verdict for the defendants. The first assignment of error is therefore overruled.

2. The plaintiff in error's principal insistence is that Lane was guilty of contributory negligence as a matter of law in voluntarily going to sleep when he knew it was raining and that this highway was slippery and dangerous when wet.

█ The majority rule, including Tennessee, is that the question of the contributory negligence of a guest in falling asleep in an automobile is one for the jury. Lea v. Gentry, 167 Tenn. 664, 73

S. W. (2d), 170, 36 N. C. C. A., 316, and cases cited in notes thereto; Howse v. Weinrich, 133 Kan., 132, 298 P. 766; McAndrews v. Leonard, 99 Vt., 512, 134 A., 710.

"Evidence showing that the guest was asleep at the time of the accident does not establish contributory negligence as a matter of law; the question still remains one for the determination of the jury as one of fact." Anderson, An Automobile Accident Suit, 943, sec. 778.

Lane had no reason to anticipate that Arnold would drive carelessly or recklessly, and he knew that Arnold was familiar with this road and knew that it was slick in wet weather; hence he was not guilty of contributory negligence as a matter of law in going to sleep, and the question was one for the determination of the jury as one of fact. Anderson, An Automobile Accident Suit, 943; Lea v. Gentry, 167 Tenn., 664, 73 S. W. (2d), 170; 1 Berry on Automobiles (6 Ed.), secs. 638 and 684; Dedman v. Dedman, 155 Tenn., 241, 291 S. W., 449.

Lane had to exercise care for his own safety. But a passenger or guest has a right to assume that the driver of the automobile will exercise proper care and caution, until he has notice to the contrary. Knoxville Ry. & Light Co. v. Vangilder, 132 Tenn., 487, 178 S. W., 1117, L. R. A., 1916A, 1111; Tennessee Central R. Co. v. Vanhoy, 143 Tenn., 312, 226 S. W., 225; Dedman v. Dedman, 155 Tenn., 241, 291 S. W., 449; 5 Am. Jur. 770, sec. 476.

In order to defeat the recovery of a plaintiff who has been asleep at the time of the accident, there must be a causal connection between the fact that the plaintiff was asleep and the accident. Fry v. Smith, 217 Iowa, 1295, 253 N. W., 147; Suschnick v. Underwriters Casualty Co., 211 Wis., 474, 248 N. W., 477; Schmidt v. Leuthener, 199 Wis., 567, 227 N. W., 17; Jesse v. Dunn, 244 Ky., 613, 51 S. W. (2d), 918.

It is not shown that Lane, had he been awake, could have done anything to prevent the collision. If he had been awake and sitting up in the automobile, and had observed a truck just ahead and the Chickasaw truck approaching, it did not follow that he would or ought to have anticipated that Arnold would apply his brakes.

The questions whether Lane was guilty of contributory negligence under the circumstances, and whether his going to sleep had any causal connection with the collision, were properly submitted to the jury, and the defendant's second assignment of error is overruled.

3. The plaintiff in error's third assignment of error is that the court erred in refusing to permit it to withdraw its plea of not guilty and file a plea in abatement to the jurisdiction of the court setting up the grounds that the defendant Arnold was not a material resident defendant, and that there was collusion between de-

fendant Arnold and the plaintiff, Lane, for the fraudulent purpose of giving the court jurisdiction of the defendant Products Company by counterpart. summons.

This assignment must be overruled. The plaintiff had a cause of action against Arnold, as there was evidence that Arnold was negligent, and conflicting evidence as to whether his negligence was the proximate cause of the collision. He was, therefore, a material and substantial defendant.

The defendant Products Company's whole defense to the action was that the collision was caused entirely by the negligence of Arnold.

The statute requires that there be a cause of action against the resident defendant in order to authorize the issuance of counterpart summons to another county. Code, sec. 8653; 62 C. J., 1133.

The test is as to the right of action, not as to the liability of such defendant. 50 C. J., 451, sec. 27; Achy v. Holland, 76 Tenn., 510, 512, 8 Lea, 510, 512; Western Automobile Cas. Co. v. Burnell, 17 Tenn. App., 687, 693, 71 S. W. (2d), 474; Yancey v. Marriott, 33 Tenn., 28, 1 Sneed, 28.

"The true test . . . for determining whether or not the venue is proper, so that summons may issue to another county is whether the defendant served in the county where the suit is brought is a bona fide defendant to the action—whether his interest in the result of the action is in any manner adverse to that of the plaintiff with respect to the cause of action against the other defendants." Seiver v. Union Pac. R. Co., 68 Neb., 91, 93 N. W., 943, 945, 61 L. R. A., 319, 110 Am. St. Rep., 393; 27 R. C. L., 805.

"To authorize the issuance of process to another county or counties for one or more defendants, all the persons sued must be rightfully joined as defendants; there must be a cause of action, and a right to recover judgment against the defendant who resides or is sued within the county where the suit is brought; and he must be a real and substantial, rather than a nominal, defendant." 50 C. J., 451, sec. 27; 67 C. J., 103-114; 15 C. J., 793, sec. 87.

Under the statute and the Tennessee decisions the plaintiff, Lane, had a right to counterpart process for the Products Company, as Arnold was a joint tort-feasor.

The charge of collusion arose in part from the fact that the name of Barton Dement, Jr., Arnold's attorney, appears on the back of Lane's declaration and on the back of the summons as attorney for the plaintiff. This is insufficient evidence of collusion.

At the trial the defendant Products Company's attorneys presented the plea in abatement and moved the court to be permitted to withdraw its plea in bar. After some discussion the court held that it came too late. Then counsel offered to prove

facts about collusion, and the court asked them to state what they offered to prove, and counsel replied:

"It is, your Honor, that this suit is brought against the Chickasaw Wood Products Company, which is domiciled in Shelby County. It is brought against J. W. Arnold, son of Mr. Arnold, deputy sheriff of this court. That one of the lawyers for the defendant, who investigated this case, in his investigation here within the last two weeks, and since the plea in bar had been filed, approached Mr. Arnold, the father of the young man, the codefendant, J. W. Arnold, and was advised by him that Mr. Jackson was the attorney representing Mr. Arnold, and that if we wanted to settle this case that it could be done by taking care of the damages to his automobile; now, that is the codefendant, his father, and we at this time would like to introduce proof."

This was all the evidence they proposed to introduce; and it is not sufficient to show that Arnold was not a material defendant, and it is not enough to show collusion; therefore the trial judge correctly overruled the plea filed when the case was called for trial. The declaration stated a, cause of action against Arnold. The Products Company had filed a plea of the general issue and submitted itself to the jurisdiction of the court.

There is no question but what the plea filed at the close of the evidence was correctly overruled, as the said defendant Products Company had attempted to show that Arnold was the sole cause of the collision.

█ If it had developed at the hearing that Arnold was not a bona fide defendant, or was made defendant for the sole purpose of acquiring jurisdiction of the other defendant, with no intention of collecting a judgment against him, then the Products Company would have been entitled to withdraw its plea in bar and file a plea in abatement. Code, sec. 8756; Tennessee Procedure by Higgins & Crownover, sec. 514; Citizens' Bank & Trust Co. v. Bayles, 153 Tenn., 40, 281 S. W., 932; Yancey v. Marriott, 33 Tenn., 28, 1 Sneed, 28; 67 C. J., 127, sec. 207.

█ But the Products Company insisted that Arnold's negligence was the proximate cause of the accident and it introduced evidence that Arnold was guilty of negligence. And the evidence was conflicting as to whether his negligence was the proximate cause of the collision, therefore the case was properly submitted to the jury as to both defendants.

Of course, had the defendant Products Company stated facts sufficient to warrant the filing of the plea in abatement, it would have been the duty of the trial judge to have considered the facts and to have given the defendant time to prepare his affidavits, or he should have heard his witnesses. Legere v. State, 111 Tenn., 368, 378, 77 S. W., 1059, 102 Am. St. Rep., 781.

If a new state of facts had arisen since the filing of the plea in bar warranting the withdrawal of the plea in bar and the filing of the plea in abatement on account of collusion between the parties to fraudulently obtain jurisdiction of the defendant Products Company, it would have been the court's duty to have so ordered at the time the motion was made. Yancey v. Marriott, 1 Sneed 28.

"Jurisdiction must be fairly and honestly procured in order for an action to be proof against assaults on jurisdictional grounds; if it is contaminated in its origin by fraud or trickery, it will not be exercised, not because the court lacks jurisdiction under such circumstances but because plaintiff by his conduct has forfeited his rights to claim its exercise and his standing in court." I C. J. S., Abatement and Revival, p. 40, sec. 13.

The court will look through the form to the substance of the transaction, the party must be a material defendant, and a judgment must be sought against him in good faith. Stephens v. Smartt, C. C., 172 F., 466; Cerri v. Akron-People's Telephone Co., D. C., 219 F., 285.

"It was never contemplated by the framers of the act of 1820 (Code, sec. 2821 [Code of 1932, sec. 8653]) to allow the process of the court to be abused by fraudulently procuring a friend's assistance to bring the real parties out of the jurisdiction of the courts where they have a right to be tried, and to subject them to increased trouble and expense in defending suits, where jurisdiction is made to depend upon the plaintiff's success in passing his friend against whom he has no cause of action, as a material defendant to his suit. . . .

"We do not mean to say that a party sued by original process, must necessarily be shown to be liable, but that he must be sued in good faith, and a plea to the effect that such a party is sued solely to defeat one jurisdiction of its right and confer it on another, is sufficient to abate the action—if clearly sustained by proof." Achy v. Holland, 76 Tenn. 510, 8 Lea, 510.

But we think the defendant Products Company failed to make a sufficient showing of collusion when the court called on its attorney to state the facts it proposed to prove. Mills v. City of Chicago, C. C., 143 F., 430. Hence this assignment of error must be overruled.

4. The plaintiff in error complains of a part of the judge's charge in which he told the jury that it was the plaintiff's theory that Arnold was a careful, experienced driver. It insists that there is no evidence that Arnold was a careful, experienced driver.

There is evidence that Arnold had been driving automobiles for ten years. And there is no evidence that he was a careless or reckless driver.

It will be observed that the court charged that it was the theory

of the plaintiff that Arnold was a careful, experienced driver, but he does not say there was any evidence on this question, but at other places he correctly charges as to the burden of proof and the weight to be given the evidence.

■ The defendant Products Company sat by and heard this charge and made no objection or request on the subject. It thereby waived the contention, and the assignment must be overruled. Hamilton v. Carter, 14 Tenn. App., 337, 341; Elkin Motor Co. v. Ragland, 6 Tenn. App., 166.

■ 5. We are of the opinion that the verdict is not excessive. Two doctors testified that two vertebrae were fractured and may trouble him later in life. Lane testified that he can not stand up very long, can not stoop over or lift anything, and cannot do any work.

It results that all the assignments of errors must be overruled and the judgment of the lower court affirmed. A judgment will be entered in this court in favor of Thomas Lane and against the Chickasaw Wood Products Company for $3000 and interest from the date of the judgment below to the present, and the costs of the lower court. The costs of the appeal are adjudged against the Chickasaw Wood Products Company and the surety on its appeal bond.

Faw, P. J., and Felts, J., concur.