Juan Mari Ramos, Plaintiff and Appellant, *v.* Planning, Urbanizing, and Zoning Board of Puerto Rico et al, Defendants and Appellees.

No. 9235. Argued December 26, 1945.—Decided February 6, 1946.

598

*José Sabater* for appellant.  *E. Campos del Toro, Attorney General, Luis Venegas Cortés, Deputy Attorney General,* and *Ciro Mala-trasi, Jr.,* attorney for the Planning Board, for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Juan Mari Ramos sold to Israel Forestier a lot of land segregated from a property belonging to him situated in Mayagüez. He applied to the Planning Board for a permit in order to carry out said segregation and the latter refused it on the ground that said lot had an area less than that authorized under the Planning Regulations. In the same decision the board stated that it would not approve any segregation made in the future by the plaintiff of less than 300 square meters and unless the streets of the subdivision were paved and had curbs and gutters. Mr. Mari instituted an injunction proceeding in the District Court of Mayagüez wherein he prayed that the Planning Board be enjoined "from interfering in any wise with, opposing, or obstructing the recordation of the lot segregated and sold by the plaintiff ; . ., or of any other lots less than 300 square meters which he might segregate or sell . . ." The Registrar of Property of Mayagüez was also joined as a party defendant, because, according to the plaintiff, said registrar, relying on the language of Act No. 213 of 1942 (Laws of 1942, p. 1106), refuses to record lots having less than five· (5) acres (*cuerdas*) unless a certificate of the Planning Board is presented approving the segregation, and plaintiff prayed that the registrar be ordered to comply with and abide by the judgment that might be rendered in the case, by recording especially the aforesaid segregation and any others that may be made subsequently.

The defendants appeared and moved for a change of venue to the District Court of San Juan, alleging that the action originated in San Juan by reason of the decision of the board

in its place of residence; that all the defendants interested in the action reside in San Juan; that the Registrar of Property of Mayagüez is not a necessary, but a sham, party in the action in order to prevent the removal of the case; and that the Planning, Urbanizing, and Zoning Board of Puerto Rico and each one of its members have a solid defense against the injunction. Together with the motion for a change of venue they filed another motion for dismissal and nonsuit.

After a hearing, the District Court of Mayagüez ordered the change of venue to San Juan, and it is from this order that the plaintiff has appealed, assigning three errors, to wit:

"(I) The lower court committed error in decreeing the change of venue by reason of defendants' residence, thereby refusing to retain jurisdiction, this being an action *in rem*, that is, an action relating to an urban property situated in the Municipality of Mayagüez, the District Court of Mayagüez having exclusive jurisdiction over the case upon said jurisdiction being invoked by plaintiff.

"(II) The lower court committed error in ignoring that one of the defendants, the Registrar of Property of Mayagüez, despite the fact that his attorneys, that is, defendants' attorneys, sought in his name the removal of the case, has his official residence in Mayagüez, within the judicial district of Mayagüez.

"(III) The lower court erred in granting the change of venue relying on a defective motion which lacked merit, according to the law and the cases."

We will consider only the first two assignments of error inasmuch as, in our opinion, the third assignment lacks merit.

▮▮ Section 79 of the Code of Civil Procedure of Puerto Rico, 1933 ed., and, especially subdivision 2 of said Section, provides:

"Section 79.—Actions for the following causes must be tried in the district where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

"1.—    *    *    *    *    *    *    *

"2.—Against a public officer, or person specially appointed to execute his duties, for any act done by him in virtue of his office, or against a person who, or by his command or in his aid, does anything touching the duties of such officer."

We have no doubt that in the case at bar the cause of action arose in San Juan, that is, where the defendant members of the Planning Board resided.

According to the averments of the complaint, a decision rendered by the Planning Board in its official residence in San Juan is challenged. Although said decision may affect appellant's rights in another district, the place where the cause of action arose was in San Juan. The doctrine established in *Legarreta* v. *Treasurer*, 55 P.R.R. 20, and *Cafeteros de Puerto Rico* v. *Treasurer*, 64 P.R.R. 416, construing subdivision 2 of § 79 of the Code of Civil Procedure, is applicable to the case at bar.

■■ Appellant contends that the action brought is one *in rem* and should therefore be heard in Mayagüez. We do not agree. This is an injunction proceeding which is an action *in personam* and not *in rem* (*Veve et al.* v. *The Fajardo Development Co.*, 15 P.R.R. 562; 28 Am. Jur. 199), and the fact that the decision of the Planning Board refers to a lot situated in Mayagüez, does not deprive the defendants of their right to a change of venue under the law.

■ The first error assigned is nonexistent and so is the second, for although the Registrar of Property of Mayagüez was joined as defendant, there is nothing in the complaint tending to show that the registrar had acted in connection with plaintiff's case. Appellant alleges that the registrar must be joined in order to compel him to abide by the judgment which the court may render.

We do not agree. If plaintiff obtains judgment he may then present the document to the registry together with the judgment and in case the registrar should refuse to record it, then, and not before, he may file an administrative appeal against him.

In *Siever* v. *Union Pac. R. Co.*, 93 N. W. 943–45, the rule applicable to the case at bar is set forth as follows:

"The true test, however, for determining whether or not the venue is proper, so that summons may issue to another county is whether the defendant served in the county where suit is brought is a *bona fide* defendant to that action—whether his interest in the result of the action is in any manner adverse to that of the plaintiff with respect to the cause of action against the other defendants— and in *equity actions* may be added the inquiry as to whether or not plaintiff can obtain full, suitable and satisfactory relief without joining such party, and binding him by the terms of the judgment or decree." (Italics ours.)

It does not appear from the averments of the complaint that the registrar is a necessary party in the action or that there is any cause of action against him. In *Muñoz* v. *Benítez*, 48 P.R.R. 611, it was held that "The fraudulent joinder of a resident defendant against whom the plaintiff has no cause of action merely for the purpose of preventing the real nonresident defendant from obtaining a change of venue will not be permitted to accomplish that result. (Citing authorities). In such a case there is of course no real resident defendant."

The order appealed from must be affirmed.