14

MOORE *v.* GORE *et al.* (*two cases*).

(*Nashville*, December Term, 1949.)

Opinion filed June 9, 1950.

JOSEPH J. LUTIN, HUGH B. HELM and MORRIS LEVINE, all of Nashville, for plaintiffs in error.

DENNEY, LEFTWICH & GLASGOW, of Nashville, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

These are companion cases which involve the identical question for decision of this Court, and, therefore, the parties have agreed that the matters may be treated together and one opinion rendered applicable to both cases.

These suits involve an automobile accident. They were instituted in Davidson County, the residence of the plaintiff, with process served on the defendant Mitchell, a nonresident of Tennessee, by service on the Secretary of State, and on the defendant Gore by a counterpart process to Knox County, Tennessee. The defendant Gore is a resident of Smith County, Tennessee.

Declarations were filed in which it is alleged that the defendant Mitchell was the owner of an automobile which was being operated at the time of the accident by the defendant Gore, with the consent, knowledge and permission of and on behalf of the defendant Mitchell.

In due season, and as their first pleading, the respective defendants filed pleas in abatement to the respective declarations. Among other grounds of the plea in abatement of the defendant Mitchell was this:

"Your defendant, Dan Mitchell, Sr., was not an occupant in the automobile involved in the collision with the plaintiff, nor was his automobile being operated on his business at the time of the collision, but was being operated on the business of the driver, Oliver Gore. Your defendant further avers that he was joined as a party defendant to this lawsuit by service to the Secretary of State, not as a material or bona fide defendant having a real and antagonistic interest in the subject matter of

the suit, but a party defendant for the sole purpose of attempting to confer upon this Court jurisdiction over the defendant, Oliver Gore, who is a resident of Carthage, Smith County, Tennessee.''

The defendant Gore filed a like plea in abatement alleging a factual situation similar to that above quoted.

In due season the respective plaintiffs demurred to the pleas in abatement in each case. Among other things the demurrer alleged that: ''a plea in abatement to the effect that an automobile involved in an accident was not on the business of the owner is a plea in bar going to the merits of the case.''

The cases were then heard on the motion of the plaintiff to dispose of the demurrers to the pleas in abatement. After hearing argument and considering the matter the trial judge overruled the demurrers. The order further shows there was no motion to dispose of the pleas in abatement before the court, and ''that the plaintiff elects to rely on his demurrers and does not wish to plead further''. Thus it was ordered that the pleas in abatement be sustained and the suits dismissed. Appeal was seasonably prayed and the matter has been ably argued before this Court.

 The pleas in abatement were filed in the right time, in the right place, and were properly verified. They meet the necessary requirements as to form, as now used in such cases. See Caruthers History of a Lawsuit, Gilreath, Sections 162-167. The pleas as drawn set forth very clearly a state of facts which if true will abate the suits. Of course the burden is upon the defendant to establish the truth of the state of facts alleged in the pleas in abatement. The effect of the overruling of the demurrers was to say that if the facts (above quoted) alleged in the

pleas in abatement were true that then the suits must be abated. The plaintiff, after the demurrers were overruled, was given an opportunity to plead further to the pleas in abatement. He declined to do so and by thus declining admits the truth of the facts alleged in the pleas in abatement theretofore demurred to. In the first instance the demurrer to the pleas in abatement said in effect, admitting these facts to be true they are, not properly plead in abatement but are facts which should be plead in bar. Obviously when the plaintiff declined to join issue on the pleas in abatement they were in effect saying that the facts as set forth therein were true. These facts being true, the trial judge correctly sustained the pleas in abatement and dismissed the suit for reasons we will hereinafter set forth.

Apparently the plaintiffs assumed the position that since the pleas in abatement raised a factual question, that this factual question must be determined in the trial of the suit on its merits and could not be determined in a separate hearing. This is an erroneous conclusion. When a plea in abatement, alone, is filed raising factual questions which would abate the lawsuit it is necessary for the trial court to determine the factual situation there presented before any further action is taken. See Tennessee Procedure and Law Cases, Higgins and Crownover, Section 529. If the pleas in abatement are sustained by the trial judge, after a hearing on the factual issues therein presented, then it is the duty of the trial court to dismiss the suit. In *Railroad v. McCallum*, 105 Tenn. 623, 627, 59 S. W. 136, 137, the Court said:

"If the judge understands the finding on the plea in abatement to be correct, and approves it, he would thereupon render proper judgment dismissing the suit, and

render judgment denying relief on the plea to the merits." Pleas in bar and abatement were filed simultaneously in this case.

If the trial judge after the hearing on the pleas in abatement had determined the issue in favor of the plaintiff and against the issue raised by the pleas in abatement then the defendant would be given an opportunity to plead further if he desired, and if not, an appeal could be taken from such a ruling to the appellate court where it would have an opportunity to pass on the matter. If the appellate court decided that the plea in abatement did not dispose of the case or was not determinative in favor of the defendant then the appellate court would merely remand the case for further pleas and further proceeding. See Tennessee Procedure and Law Cases, supra, and authorities there cited. By the action in the instant case it was determined that the factual issue presented by the pleas in abatement abated the lawsuit. These facts were admitted by the action of the plaintiff below. Apparently it was necessary on behalf of the plaintiff to assume this position because they were not able to counter the facts as set forth in the pleas in abatement which they admitted by their demurrer.

By admitting the facts, as set forth in the pleas in abatement, the plaintiffs admit that Mitchell, a resident of Oklahoma, "was joined as a defendant for the ·sole purpose of attempting to confer upon the trial court jurisdiction over the defendant Gore, a resident of Smith County, Tennessee." By thus admitting, the plaintiff has admitted that the defendant, upon whom they attempted to get service in the first instance so that they could have a counterpart issued to another county, was not a bona

fide defendant, and, therefore, the service upon him would not entitle them to have a counterpart issued to another county.

The test as to when a proper defendant is brought before the courts so that a counterpart may be issued, under our Counterpart Statute, Code Section 8653, is to the right of action against the defendant therein sued and not as to the liability of such defendant. A very clear statement as to when such a defendant is a proper party was made by the Supreme Court of Nebraska in *Seiver* v. *Union Pacific Railroad Co.*, 68 Neb. 91, 93 N. W. 943, 945, 61 L. R. A. 319, 110 Am. St. Rep. 393 as follows:

"The true test . . . for determining whether or not the venue is proper, so that summons may issue to another county is whether the defendant served in the county where suit is brought is a bona fide defendant to the action—whether his interest in the result of the action is in any manner adverse to that of the plaintiff with respect to the cause of action against the other defendant."

And as said in 50 C. J. 451, Section 27, "To authorize the issuance of process to another county or counties for one or more defendants, all the persons sued must be rightfully joined as defendants; there must be a cause of action, and a right to recover judgment against the defendant who resides or is sued within the county where the suit is brought; and he must be a real and substantial, rather than a nominal, defendant."

This Court very fully and thoroughly considered the matter, now under discussion, in the case of *Taylor* v. *McCool*, 183 Tenn. 1, 189 S. W. (2d) 817, and in that opinion quoted at length from *Yancy* v. *Marriott*, 33

Tenn. 28. This quotation very clearly and succinctly states why it is not proper to have a counterpart summons sent to another county when an improper defendant is sued in the suing county.

We think that a complete answer to the question here under consideration is the following quotation from *Achy* v. *Holland,* 76 Tenn. 510, wherein the Court said:

"We do not mean to say that a party sued by original process must necessarily be shown to be liable, but that he must be sued in good faith, and a plea to the effect that such a party is sued solely to defeat one jurisdiction of its right and confer it on another, is sufficient to abate the action—if clearly sustained by proof."

We have carefully considered each and every case relied on by the plaintiffs in error. None are controlling herein. In *Carroll* v. *Mathews,* 172 Tenn. 590, 113 S. W. (2d) 742, it was held that the County where the plaintiff resided was the County in which suit should have been brought and not Davidson County where a nonresident service was had on the Secretary of State. In *Carter* v. *Schackne,* 173 Tenn. 44, 114 S. W. (2d) 787, service on nonresidents was had on the Secretary of State and the nonresidents plead in bar and a counterpart was issued to another County. There was no question in either case questioning the materiality of the defendants first served where suit was commenced.

By admitting the facts set forth in the pleas in abatement (above quoted) the plaintiffs admit that Mitchell was not a real and material defendant, and, therefore, a counterpart cannot be issued to another County against other defendants. It necessarily follows that the suit as to both defendants must be dismissed. The judgment of the trial court is accordingly affirmed.

TOMLINSON, Justice (dissenting).

For the reasons now to be stated, and because of the importance of the majority decision, I feel compelled to dissent from the conclusion reached.

Plaintiff's declaration alleged defendant Mitchell to be the owner of the automobile involved in this accident, and that it was being operated at the time with his knowledge and consent and on his business and that the proximate cause of the accident was its negligent operation at this time. These allegations clearly stated a cause of action against Mitchell.

Mitchell was a nonresident of Tennessee. The plaintiff was a resident of Davidson County. Therefore, the statute gives the plaintiff the right to sue Mitchell upon the cause of action stated in the declaration in Davidson County by service on the Secretary of State; at least, I can reach no other construction of the decision of this Court in *Carroll* v. *Mathews,* 172 Tenn. 590, 592, 113 S. W. (2d) 742. The majority of the Court seems not to so construe that decision. Having elected to exercise this right, the plaintiff was entitled to the issuance of counterpart summons to another county in Tennessee for service on defendant Gore.

Such was the record when Mitchell filed his plea in abatement wherein he admitted ownership of the car, but alleged that it was not being operated on his business at the time of the accident. If we stop right there it is crystal clear that this is nothing more than a plea of not guilty, whereby there is raised an issue of fact between the parties which can be determined only by a trial on the merits. It is no less a plea in bar than the plea that the car was not in fact being driven negligently.

Then Mitchell in his plea goes further by averring that the plaintiff did not make him a party defendant in good faith but for the sole purpose of conferring jurisdiction upon the Davidson County Court over the defendant Gore. The demurrer of plaintiff to this plea did not have the legal effect of admitting this charge of the plea as to bad faith of the plaintiff. That was necessarily only a conclusion drawn by Mitchell from his assertion (which assertion may or may not be true) that his car was not being driven on his business at the time of the accident. In point is the holding in *Crockett* v. *McLanahan,* 109 Tenn. 517, 525, 72 S. W. 950, 952, 61 L. R. A. 139, wherein the Court held:

"It is alleged in the declaration there was no probable cause, or that defendant could not have reasonably supposed it necessary in his case, to have alleged the libelous matter. It is said the demurrer admits this allegation. It is well settled that 'a demurrer does not admit inferences from facts, nor conclusions of law averred.' "

In my opinion, the error made by plaintiff was in demurring to the plea in abatement rather than in moving to strike it. However, the demurrer raised the determinative question by its statement that "a plea in abatement to the effect that an automobile involved in an accident was not on the business of the owner is a plea in bar going to the merits of the case". However, this irregularity in plaintiff's pleading is not fatal to his right to have the demurrer considered upon the above mentioned point made therein to the same extent as if it had been made by a motion to strike. That seems to have been settled in the case of *Klepper* v. *Powell,* 53 Tenn. 503, a chancery case in which the proper procedure is to set the plea down for argument. In this situation the statement and holding of the Court was:

"Complainant did not pursue the regular and established practice in such case, and set the plea down for argument, for insufficiency, but filed a special demurrer to the plea. While this was irregular, and a mode of raising the question, as far as we can find, unknown to our practice, yet as we have said in another case, such a demurrer may be treated as setting the plea down for argument; at any rate, it is but an error in form, not in substance."

If it should be made to appear during the trial of the cause upon its merits that this action was instituted against Mitchell in bad faith for the purpose only of fraudulently procuring jurisdiction of Gore in Davidson County, then at the time it is so made to appear by the evidence it would be proper for the Court to sustain Gore's plea in abatement as well as to dismiss the suit at that time against Mitchell. *Chickasaw Wood Products Co.* v. *Lane*, 22 Tenn. App. 596, 605, 125 S. W. (2d) 164. The failure to do this was the error of the Trial Court in *Achy* v. *Holland*, 76 Tenn. 510, referred to in the majority opinion. The demurrer was sustained in that case, and the case heard upon its merits. It developed during the trial on the merits that McNeill was sued solely for the purpose of subjecting his co-defendants to a suit in McNeill's county. Notwithstanding that jurisdiction had thus been obtained against these co-defendants by fraud, as shown upon the trial of the case, the Trial Court rendered judgment against these co-defendants. As I understand the case, it was at that point in the trial that this Court held that the Trial Court erred in not sustaining the plea in abatement of these co-defendants and in not dismissing the suit against them, it appearing that jurisdiction of their persons had been obtained by fraud.